UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                CASE NO.: 21-cr-615 PLF

STEVEN D. THURLOW,

        Defendant.
_____/

## MEMORANDUM REGARDING DEFENDANT'S VIOLATION REPORT

Steven Thurlow is scheduled for a bond review hearing on July 15, 2022 based on his alleged possession of firearms or other dangerous weapons. As set forth below, his conduct does not violate that term of his release. However, as he has attempted to do since he was first charged, Mr. Thurlow is willing to take whatever steps necessary to ensure that the Government and Court are both comfortable with his continued release in the community and has already volunteered to Pretrial Services to remove most of the offending items from his home.

Mr. Thurlow holds a federal firearms license, which allows him to act as a firearms dealer. He also works as an armorer repairing firearms. When he was placed on bond in this case, he removed his firearms from his home as instructed. He removed all complete firearms, all ammunition, and any firearms parts that could be assembled into firearms, i.e. receivers, frames, and barrels. He left other firearm related items in

1

the home. Although, as outlined below, the possession of these items does not violate his bond conditions, he is willing to remove them from his home in order to avoid any conduct that could be perceived as non-compliance with his bond conditions. He does request that he be allowed to not dismantle his tool workshop, which contains some firearm specialty tools, but no firearms or parts, and keep it in place in his basement.

On July 12, 2022, Pretrial Services filed a bond status report for Mr. Thurlow. That report alleged that Mr. Thurlow violated conditions of his bond by possessing magazines, multiple armory tools, and an "AR upper with a drum" because these items were firearms or dangerous weapons.

A firearm is defined as: (A) any weapons which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device." 18 U.S.C. § 921(a)(3). While an AR upper receiver may qualify as a firearm, neither magazines nor armory tools are firearms under the federal code or ATF regulations.[1]

Dangerous weapon is defined as "a weapon, device, instrument, material, or substance, animate or inanimate, that is used for, or is readily capable of, causing death

---

[1] AR upper receivers were generally not given a serial number, however, lower receivers are considered firearms and must be serialized under ATF regulations. However, a recent April 11, 2022 ATF rule may have changed the definition of receiver to include upper receivers.

2

or serious bodily injury[.]" 18 U.S.C. § 930(g)(2). Again, neither magazines nor armory tools are in and of themselves capable of causing death or serious bodily injury without the addition of the regulated "firearm" parts that Mr. Thurlow removed from his home.

Greg Morris, an investigator with the Federal Community Defender who formally worked as an armorer for the Wayne County Sherriff's Department from 2000-2004, went to Mr. Thurlow's house to review the items. There was no AR upper receiver present while Mr. Morris was there. Mr. Morris did see a handgun stabilization grip/platform, which he believes could be mistaken for an AR upper receiver based on its appearance. He also looked through numerous ammunition and firearm storage boxes and verified that they are empty. Mr. Morris will appear by video at the hearing on this matter and is prepared to testify about his review of Mr. Thurlow's basement and the firearm related items present there.

Magazines hold ammunition for firearms. Even if they were loaded with ammunition, they cannot facilitate firing that ammunition without a receiver and frame, the parts of a gun classified as firearms by the federal code and ATF. Mr. Thurlow has a business putting decals, such as the American flag or the name of shooting clubs, on magazines. His possession of magazines in furtherance of that business is lawful and within the bounds of his pretrial release order. Never-the-less, as noted in the Pretrial Service report, he has volunteered to remove them from his home.

Mr. Thurlow's armory tools are just that, tools. They are specialty wrenches, screwdrivers, and files used to work on firearms. While Mr. Thurlow has not been working on firearms for the last year while on bond, he plans on returning to this hobby/line of work when his case is complete. He has kept his tools at home, neat and orderly in his workshop. These tools are not firearms nor are they inherently dangerous. His possession of them is lawful.

Mr. Thurlow has not violated his bond by possessing the items noted by Pretrial Services. However, acting in good faith, he is willing to remove the magazines and the grip/platform from his home. He should not be required to dismantle and store his workshop while this case is pending.

Finally, Pretrial has put before the Court the question of whether Mr. Thurlow can store the family firearm collection (including firearms belonging to himself, his wife and his son) in a storage facility rented by his wife. Mr. Thurlow would not have a key to the facility, only his wife would have access. Pretrial is concerned because Mr. Thurlow could gain access to his firearms through his wife. The question before the Court is whether Mr. Thurlow is likely to access these firearms. Because his access to firearms will likely be limited while on supervision, Mr. Thurlow has or will transfer ownership of a large number of his firearms to his son in the near future and his son will be seeking suitable storage facility.

While this is certainly possible that Mr. Thurlow, or any pretrial defendant, could access their firearms being stored by a third-party it is very unlikely in this case. Mr. Thurlow has been on bond for a year. He is scheduled for sentencing at the end of August. His goal is to work and remain with his family.

Mr. Thurlow is a 51-year-old veteran with no criminal history who, since the beginning of this case, he has been cooperative and avoided doing anything that would increase the chance of a sentence of incarceration. There is no indication he will attempt to access the firearms at issue before the completion of this case. Mr. Thurlow and his family should be allowed to store their firearm collection in a storage facility controlled by his wife as long as he does not have access to that facility.

Submitted,

s/James R. Gerometta
Counsel for Jeramiah Caplinger
Federal Community Defender
613 Abbott Street, Suite 500
Detroit, Michigan 48226
Email: james_gerometta@fd.org
Phone: 313.967.5542

Dated:  July 14, 2022

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              CASE NO.: 21-cr-615 PLF

STEVEN D. THURLOW,

        Defendant.
_____/

## CERTIFICATE OF SERVICE

    I, hereby certify that on July 14, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                        **FEDERAL COMMUNITY DEFENDER**

                                        s/James R. Gerometta
                                        Assistant Federal Defender
                                        613 Abbott Street, Suite 500
                                        Detroit, MI 48226
                                        Phone: 313-967-5839
                                        E-mail: james_gerometta@fd.org
                                        P60260

Dated:  July 14, 2022