## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 1:21-cr-615 (PLF)** |
| **v.** | : | |
| | : | |
| **STEVEN DANIEL THURLOW,** | : | |
| | : | |
| **Defendant** | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this sentencing memorandum in connection with the above-captioned matter. For the reasons set forth herein, the government requests that this Court sentence Defendant Steven Daniel Thurlow to 30 days incarceration, three years of probation, 60 hours of community service, and $500 in restitution.

### I.    Introduction

Defendant Steven Daniel Thurlow, a 52-year-old construction foreman and United States Army veteran, participated in the January 6, 2021 attack on the United States Capitol—a violent attack that forced an interruption of Congress's certification of the 2020 Electoral College vote count, threatened the peaceful transfer of power after the 2020 Presidential election, injured more than one hundred police officers, and resulted in more than 2.7 million dollars' in losses.[1]

Defendant Thurlow pleaded guilty to one count of 40 U.S.C. § 5104(e)(2)(G). As explained herein, a sentence of home detention is appropriate in this case because Thurlow: (1) joined rioters

---

[1] Although the Statement of Offense in this matter, filed on May 9, 2022, (ECF No. 32 at ¶ 6) reflects a sum of more than $1.4 million dollars for repairs, as of April 5, 2022, the approximate losses suffered as a result of the siege at the United States Capitol was $2,734,783.15. That amount reflects, among other things, damage to the United States Capitol building and grounds and certain costs borne by the United States Capitol Police.

entering the Capitol to "fuck this place up" even though he recognized the situation was "chaos at this point"; (2) entered the North Senate Wing Door despite blaring alarms approximately 14 minutes after it was breached; (3) made a video recording of damage to the Senate Parliamentarian Office while standing outside that office; (4) continued to penetrate the U.S. Capitol, and joined the chants of rioters, at one point asking "Who wants a chandelier" and "Where is that fucking scumbag Pelosi's office?"; (5) traveled to a lobby just outside of the Senate Chamber; (6) took photos and videos during the approximately 15 minutes he was inside the Capitol, some of which he posted to his Facebook account; (7) altered his Facebook profile to delete or remove the Facebook posts; (8) made veiled threats more than a month after January 6 to engage in another round of riotous conduct in Washington D.C. on July 4, 2021; and (10) is a veteran of the United States Army and thus knew or should have known how his participation in a violent riot in which police were vastly outnumbered placed those officers and others at risk of serious injury or worse.

The Court must also consider that Thurlow's conduct on January 6, like the conduct of hundreds of other rioters, took place in the context of a large and violent riot that relied on numbers to overwhelm police officers who trying to prevent a breach of the Capitol Building, and disrupt the proceedings. *See United States v. Thomas Fee*, 1:21-cr-00131 (JDB), Tr. 04/01/2022 at 17 ("The defendant was an active participant in a mob assault on our core democratic values and our cherished institution. And that assault was intended by many and by the mob at large in general to interfere with an important democratic processes of this country. I cannot ignore that, cannot pull this misdemeanor out of that context.") (statement of Judge Bates). The defendant's actions and those of his fellow rioters enabled the breach the Capitol, threatened the lives of the police officers, legislators and their staffs, and disrupted the certification vote for several hours. *See United States v. Matthew Mazzocco*, 1:21-cr-00054 (TSC), Tr. 10/4/2021 at 25 ("A mob isn't a mob without the

numbers. The people who were committing those violent acts did so because they had the safety of numbers.") (statement of Judge Chutkan). Here, Thurlow's participation in the riot that actually succeed in halting the Congressional certification combined with his entry into the Capitol through the North Senate Wing Door, repeated chanting, and travel to the lobby outside the Senate Chamber renders a home detention sentence, rather than simply probation, necessary and appropriate in this case.

## II.   Factual and Procedural Background

### *The January 6, 2021 Attack on the Capitol*

To avoid unnecessary exposition, the government refers to the general summary of the attack on the U.S. Capitol. *See* ECF 32 (Statement of Offense), at 1-7. As this Court knows, a riot cannot occur without rioters, and each rioter's actions—from the most mundane to the most violent— contributed, directly and indirectly, to the violence and destruction of that day. With that backdrop we turn to Thurlow's conduct and behavior on January 6.

### *Defendant Thurlow's Statements Prior to January 6, 2021*

On or about January 1, 2021, Thurlow posted the following photo of himself on his Facebook account:



***Image 1***

In the photo he is wearing military gear, a firearm, and a "Boogaloo"[2] patch.  The photo

was posted with the sarcastic caption, "Ahh nothing like a new pair of 511's and fresh set of level

IV SAPI's[3] in the plate carrier to go 'peacefully protest' with."

---

[2] "Boogaloo" is a term referencing a violent uprising or impending civil war.

[3] "SAPI" stands for "Small Arms Protective Insert," an armored plate that is inserted into a
tactical vest to protect against gunfire or other weapons. A "pair of 511's" in this context likely
refers to a brand of tactical clothing. *See* https://tacticalgear.com/511-
tactical?dl=b&catr=1&gclid=Cj0KCQjw3eeXBhD7ARIsAHjssr_Fj98uNLHFKaerLyXOb1vp7Z
pkH-aVDCcW-KAuZPzEELsYyy56nKYaArPzEALw_wcB (visited August 15, 2022).

4

*Thurlow's Role in the January 6, 2021 Attack on the Capitol*

On January 5, 2021, Steven Daniel Thurlow traveled to Washington, D.C. from his home in St. Clair Shores, Michigan to attend the "Stop the Steal" rally.  On January 6, 2021, he attended the rally from an area near the Washington Monument and walked to the United States Capitol after the speeches.  Thurlow unlawfully entered the restricted Capitol grounds and went inside the Capitol building.  Throughout his time on the restricted grounds and inside the building, he took photographs using his mobile telephone and made a number of video and audio recordings and statements and posted some images to his Facebook account.

After walking to the Capitol, Thurlow stood on the Capitol Terrace and stated "here we are, . . . at the Capitol; pretty much chaos at this point; people are inside" while making a video of what he was seeing.  *See* Exhibit 1 (20210106_143329.mp4).  In another video, he discusses with an unidentified person whether they wanted to enter the Capitol, and, as Thurlow described it, "fuck this place up."  *See* Exhibit 2 (20210106_144359.mp4).

At approximately 2:56 p.m., Thurlow entered the U.S. Capitol through the North Senate Wing Door, near the Brumidi Corridor.  A screenshot of his entry is reproduced below.  Thurlow was holding his phone and wearing a Black backpack, Black watch cap, a camouflage covered jacket, grey pants, yellow scarf, and white rimmed sunglasses.



***Image 2***

Thurlow entered the Capitol approximately 14 minutes after the North Senate Wing Door was first breached by other rioters.  From where he stood in the hallway, Thurlow saw how rioters had ransacked the Senate Parliamentarian's office.  He videotaped his view of the damage from the hallway, and his recording captured the sound of alarms blaring.   *See* Exhibit 3 (20210106_145238.mp4).



***Image 3***

6

Below is a screenshot of Thurlow making the video recording of the damage to the Parliamentarian's Office:



*Image 4*

Despite the alarms and his knowledge that rioters damaged the Capitol, Thurlow continued to proceed down the hallway. He posted the following photos to his Facebook account from when he walked through the halls of the Senate side of the Capitol building:



*Image 5*



*Image 6*

He then walked through a Senate hallway near the North Door appointment desk:



*Image 7*

Thurlow recorded himself walking up the stairs to the second floor of the Capitol building, commenting, "Here it is; inside this place; going to the top."   *See*  Exhibit 4

(20210106_150143.mp4).  Thurlow congratulated himself and other rioters, exclaiming "Excellent fucking work" while other people yelled "it's our building now" and "good job patriots."  *Id.*  After climbing the stairs, Thurlow entered a lobby outside the Senate Chamber:



*Image 8*

When Thurlow entered the lobby, he asked "Who wants a chandelier" and "Where is that fucking scumbag Pelosi's office?"  *See* Exhibit 4.  Another rioter exclaimed "this is crazy man," and Thurlow responded that it was "un-fucking real."  *Id.*

Thurlow then took some selfies while lying on a conference table in the lobby of the Senate Chamber.  *See* Exhibit 5 (20210106_150529(1)) (commenting "this is what you get for fucking around").  Below are images he posted to his Facebook account:



*Image 9*



*Image 10*

After a few minutes, Thurlow left the lobby and the area by the Senate chamber.



*Image 11*



*Image 12*

In total, Thurlow was in the Capitol for at least 15 minutes.  When he left the Capitol and was still on the restricted grounds, he saw police officers trying to disperse the crowd outside. Thurlow posted the following image to his Facebook account, with the caption "The commies just fired this riot disbursement device at us.  Guess what, we didnt disperse."



*Image 13*

After January 6, 2021, Thurlow altered his Facebook profile to delete or remove the above-referenced posts and change the profile name to "Stephanie Danielle Thurlow."

*Social Media Posts and Communications*

In addition to the videos and postings to his Facebook account discussed above, Thurlow made other social media posts and sent communications about January 6 and Washington, D.C. While in the Capitol on January 6, he sent videos and text messages to his wife. He wrote, "I'm in the Capitol. It has fallen" in one message and "It's gonna burn" in another.

A couple of weeks after the attack on the Capitol, on or about January 24, 2021, Thurlow sent the following Facebook private message to another user:

> Sorry for the slow response, my phone is nonstop ringing at this point, I feel like a fricken celebrity with everything that has happened recently. I'm pretty bought up brother, but I'd seriously consider not even wasting range rounds at this point because it's looking like by the 4th of July it's going to very very very spicy here in America. Get yourself and your family some body armor and be safe.

In a Facebook comment on or about February 17, 2021, Thurlow posted "Hey guys . . . do what you will with it . . . ." along with the following image:



The center of the image is the snake from Benjamin Franklin's "Join or Die" political cartoon, and under the snake is the hashtag "Join 'US' in D.C." and "July 4th.2021."

13

Finally, on or about May 23, 2021, Thurlow sent a text message that stated "If the swamp gets too unruly then this is gonna happen again . . . . but with eternal consequences this time."

*Thurlow's Interview with the FBI*

On April 20, 2022, Thurlow gave a voluntary post-arrest interview to the FBI. He provided a forthright and frank description of his conduct and accepted responsibility for his actions.

Thurlow admitted traveling to Washington to attend the rally on January 6, 2021. He stated that he heard about the rally from social media and talking with a few of his military friends. According to Thurlow, he decided a couple of days before the rally to go to Washington, and he traveled on January 5, 2021. He described "a weird excitement" when he arrived from all of the people planning to attend the rally. He met a group of people in the lobby of his hotel, and they traveled to an area by the Washington Monument to watch the speeches early the morning of January 6. After the rally, he walked up Constitution Avenue to the Northwest side of the Capitol.

Thurlow described the scene at the Capitol as chaotic. He acknowledged that he saw barriers had been set up, and he said many were moved when he arrived. When asked why he entered the Capitol, he said it was "stupidity." He stated that he watched rioters enter the building, and he decided to follow them.

Thurlow acknowledged that he saw an office was damaged and went to an area of the Capitol he described as a conference room. He stated that while in the conference room, he took photos for other rioters, took selfies, and posted them on his Facebook account. He also admitted to expressing expletives regarding Nancy Pelosi and chanting.

Thurlow estimated that he was in the Capitol for approximately 15 minutes. He stated that after he exited the building, he noticed Capitol Police using tear gas and pepper spray to disperse

the crowd.  He said he left the area to find a Metro station after he received an alert about the curfew.

Thurlow also answered questions about Image 1, the photo he posted wearing body armor with a rifle and a red "Boogaloo" patch.  Thurlow said he posted it as a joke because of protests in 2020 and he said he was not planning on attending the January 6 rally at the time he posted the picture.  He described the "Boogaloo" as a mindset and not a membership group, and he thought it was not about overthrowing the government.  He said the patch was a "morale patch," and he stated that he purchased it and other patches from eBay, including patches from the Three Percenters and Oath Keepers.  He said he was not a member of any of the groups.  He said he knew of people in his shooting league who wore Hawaiian shirts and "Boogaloo" patches, but he did not know if they knew what it meant.

Throughout the interview, Thurlow was forthright and did not minimize his conduct or the conduct of the other rioters.  He admitted he knew at the time he entered the Capitol that he did not have permission to enter the building and he paraded, demonstrated, or picketed inside the building.  Thurlow said he would define the event as an "insurrection" because the word "riot" did not adequately describe what happened.

*The Charges and Plea Agreement*

On June 24, 2021, the United States charged Thurlow by criminal complaint with violating 18 U.S.C. § 1752(a)(1), 18 U.S.C. § 1752(a)(2), 40 U.S.C. § 5104(e)(2)(D), and 40 U.S.C. § 5104(e)(2)(G).  On June 30, 2021, law enforcement officers arrested him at his home in Michigan. On October 6, 2021, the United States charged Thurlow by a four-count Information with those same violations. On May 9, 2022, pursuant to a plea agreement, Thurlow pleaded guilty to Count Four of the Information, charging him with a violation of 40 U.S.C. § 5104(e)(2)(G),

Parading, Demonstrating, or Picketing in the Capitol Building. By plea agreement, Defendant agreed to pay $500 in restitution to the Department of the Treasury.

### III.     Statutory Penalties

Thurlow now faces a sentencing on a single count of violating 40 U.S.C. § 5104(e)(2)(G). As noted by the plea agreement and the U.S. Probation Office, Thurlow faces up to six months of imprisonment and a fine of up to $5,000.  Thurlow must also pay restitution under the terms of his plea agreement.  *See* 18 U.S.C. § 3663(a)(3); *United States v. Anderson*, 545 F.3d 1072, 1078-79 (D.C. Cir. 2008).  As this offense is a Class B Misdemeanor, the Sentencing Guidelines do not apply to it. 18 U.S.C. § 3559; U.S.S.G. §1B1.9.

### IV.     Sentencing Factors Under 18 U.S.C. § 3553(a)

In this misdemeanor case, sentencing is guided by 18 U.S.C. § 3553(a), which identifies the factors a court must consider in formulating the sentence. Some of those factors include: the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, *id.*; the need for the sentence to reflect the seriousness of the offense and promote respect for the law, § 3553(a)(2)(A); the need for the sentence to afford adequate deterrence, § 3553(a)(2)(B); and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. § 3553(a)(6). In this case, as described below, the Section 3553(a) factors weigh in favor of 30 days incarceration, three years of probation, 60 hours of community service, and $500 in restitution.

#### A.  The Nature and Circumstances of the Offense

The attack on the U.S. Capitol, on January 6, 2021 was a crime unparalleled in American history and defies comparison to other violent riots. It represented a grave threat to our democratic

norms and practices. Indeed, it was the one of the only times in our history when the building was literally occupied by hostile participants.

While each defendant must be sentenced based on their own conduct, this Court should take into account that each person who entered the Capitol on January 6 without authorization did so under extreme circumstances. As they entered the Capitol, they very likely crossed through numerous barriers and barricades and heard the violent outcries of a mob. Depending on the timing and location of their approach, they also may have observed extensive fighting between the rioters and police and smelled chemical irritants in the air. No rioter was a mere tourist that day.

Additionally, while assessing Thurlow's individual conduct and fashioning a just sentence, this Court should look to a number of critical aggravating and mitigating factors, including: (1) whether, when, and how the defendant entered the Capitol building; (2) whether the defendant encouraged violence; (3) whether the defendant encouraged property destruction; (4) defendant's reaction to acts of violence or destruction; (5) whether, during or after the riot, the defendant destroyed evidence; (6) the length of the defendant's time inside of the building, and exactly where the defendant traveled; (7) the defendant's statements in person or on social media; (8) whether the defendant cooperated with, or ignored commands from police officers; and (9) whether the defendant demonstrated sincere remorse or contrition. While these factors are not exhaustive nor dispositive, they help to place each defendant on a spectrum as to their fair and just punishment. Had Thurlow personally engaged in violence or destruction, he would be facing additional charges and/or penalties associated with that conduct. The absence of violent or destructive acts on the part of Thurlow is therefore not a mitigating factor in misdemeanor cases.

When Thurlow descended on the Capitol, he knew it had been breached.  He decided to enter the Capitol even though he knew there had been barricades set up and suggested that he and

another rioter "fuck this place up.".  When he made his way to the North Senate Wing Door, he heard the loud, high-pitched alarm.  Almost immediately after entering, he saw how the Senate Parliamentarian's Office had been ransacked with papers strewn all over the office and floor. Rather than leaving the Capitol at the obvious sign that the rioters were bent on property destruction, he took a photograph of the damage as an apparent souvenir.

He then continued on through the Senate hallways, up the stairs, and to the lobby outside the Senate Chamber.  Along the way, he participated in chanting and posted to his Facebook account.  He took selfies while lying on furniture in the Senate Chamber Lobby.

Thurlow remained in the Capitol for approximately 15 minutes, and then he lingered on the Capitol grounds.  After leaving the Capitol, he posted another Facebook message referring to police officers  as "commies" and bragging that he and other rioters did not disperse despite police attempts to disperse them.  After January 6, Thurlow removed that posting and others from January 6 and altered his Facebook account to an alias, "Stephanie Danielle Thurlow."

Although the nature and circumstances of his offense are serious, Thurlow acknowledged responsibility for his actions in an interview with FBI agents.

### B.  The History and Characteristics of Thurlow

As set forth in the PSR, Thurlow has no criminal history.  PSR ¶¶ 29-35. He enlisted in the United States Army in 1988 and was honorably discharged in 1991.  His primary specialties in the Army were heavy antiarmor weapons and infantryman, and he was stationed in Iraq, Saudi Arabia, Panama Canal, Ireland, England, and Germany.  Thurlow's military service is laudable, and the government has considered that when fashioning its recommendation to the Court.  However, it is also worth noting that as a former service member, he knew or should have known that his decision to storm a guarded government building with the knowledge that police who were attempting to

stop the riot were totally outnumbered and unable to prevent the breach created a grave risk of personal injury, property damage, and worse.  His veteran status is thus a "double-edged sword" that has aggravating as well as mitigating effects on the sentencing calculus.

Since leaving the Army, Thurlow has been employed as a construction foreman.  He holds an individual business license and has been a member of the Operative Plasters and Cement Masons International Association since 2007.  In July 2022, Pretrial Services requested a hearing to address items at Thurlow's home.  Although Thurlow disputed that the items were firearms or other weapons, he removed them promptly.  He has otherwise been compliant with his conditions of pre-trial release.

### C.  The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Promote Respect for the Law

The attack on the U.S. Capitol building and grounds was an attack on the rule of law. "The violence and destruction of property at the U.S. Capitol on January 6 showed a blatant and appalling disregard for our institutions of government and the orderly administration of the democratic process."[4] As with the nature and circumstances of the offense, this factor supports a sentence of incarceration, as it will in most cases, including misdemeanor cases, arising out of the January 6 riot. *See United States v. Joshua Bustle and Jessica Bustle*, 21-cr-238-TFH, Tr. 08/24/21 at 3 ("As to probation, I don't think anyone should start off in these cases with any presumption of probation. I think the presumption should be that these offenses were an attack on our democracy and that jail time is usually -- should be expected") (statement of Judge Hogan).

---

[4] Federal Bureau of Investigation Director Christopher Wray, Statement before the House Oversight and Reform Committee (June 15, 2021), available at https://oversight.house.gov/sites/democrats.oversight.house.gov/files/Wray%20 Testimony.pdf

### D.  The Need for the Sentence to Afford Adequate Deterrence

Deterrence encompasses two goals: general deterrence, or the need to deter crime generally, and specific deterrence, or the need to protect the public from further crimes by this defendant. 18 U.S.C. § 3553(a)(2)(B-C), *United States v. Russell*, 600 F.3d 631, 637 (D.C. Cir. 2010).

*General Deterrence*

The need for general deterrence weighs heavily in favor of incarceration in nearly every case arising out of the violent riot at the Capitol. Indeed, general deterrence may be the most compelling reason to impose a sentence of incarceration. "Future would-be rioters must be deterred." (statement of Judge Nichols at sentencing, *United States v. Thomas Gallagher*, 1:21-CR-00041 Tr. 10/13/2021 at 37).

General deterrence is an important consideration because many of the rioters intended that their attack on the Capitol would disrupt, if not prevent, one of the most important democratic processes we have: the peaceful transfer of power to a newly elected President. As noted by Judge Moss during sentencing, in *United States v. Paul Hodgkins*, 21-cr-188-RDM:

> [D]emocracy requires the cooperation of the governed. When a mob is prepared to attack the Capitol to prevent our elected officials from both parties from performing their constitutional and statutory duty, democracy is in trouble. The damage that [[Defendant Last Name]] and others caused that day goes way beyond the several-hour delay in the certification. It is a damage that will persist in this country for decades.

Tr. at 69-70. Indeed, the attack on the Capitol means "that it will be harder today than it was seven months ago for the United States and our diplomats to convince other nations to pursue democracy. It means that it will be harder for all of us to convince our children and our grandchildren that democracy stands as the immutable foundation of this nation." *Id.* at 70.

20

The gravity of these offenses demands deterrence. This was not a protest. *See United States v. Paul Hodgkins*, 21-cr-188-RDM, Tr. at 46 ("I don't think that any plausible argument can be made defending what happened in the Capitol on January 6th as the exercise of First Amendment rights.") (statement of Judge Moss). And it is important to convey to future potential rioters—especially those who intend to improperly influence the democratic process—that their actions will have consequences. There is possibly no greater factor that this Court must consider.

*Specific Deterrence*

Thurlow's conduct demonstrates a need for specific deterrence.  He walked past property damage and ignored the blaring alarm when he unlawfully entered the Capitol.  Even more troubling, he recorded the events on his cell phone and published photos to his Facebook account from the riot.

Thurlow also attempted to destroy or conceal his role by deleting or removing photos from his Facebook account and changing the name on his account to an alias.  The government has no proof, however, that Thurlow intentionally concealed evidence and notes that he appears to have altered his Facebook account well before the FBI contacted him.

### E.  The Need to Avoid Unwarranted Sentencing Disparities

As the Court is aware, the government has charged hundreds of individuals for their roles in this one-of-a-kind assault on the Capitol, ranging from unlawful entry misdemeanors, such as in this case, to assault on police officers, to conspiracy to corruptly interfere with Congress.[5] This Court must sentence Thurlow based on his own conduct and relevant characteristics, but should give substantial weight to the context of his unlawful conduct: his participation in the January 6

---

[5] Attached to this supplemental sentencing memorandum is a table providing additional information about the sentences imposed on other Capitol breach defendants.  That table also shows that the requested sentence here would not result in unwarranted sentencing disparities.

riot. Although those like Thurlow convicted of misdemeanors are generally less culpable than defendants convicted of felonies, misdemeanor breaches of the Capitol on January 6, 2021, were not minor crimes. A probationary sentence should not be the default.[6] *See United States v. Anna Morgan-Lloyd*, 1:21-cr-00164 (RCL), Tr. 6/23/2021 at 19 ("I don't want to create the impression that probation is the automatic outcome here because it's not going to be.") (statement of Judge Lamberth at sentencing). Accord, *United States v. Valerie Ehrke*, 1:21-cr-00097 (PFF), Tr. 9/17/2021 at 13 (statement of Judge Friedman).

Thurlow has pleaded guilty to Count Four of the Information, charging him with Parading, Demonstrating, or Picketing in the Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). This offense is a Class B misdemeanor. 18 U.S.C. § 3559. Certain Class B and C misdemeanors and infractions are "petty offenses," 18 U.S.C. § 19, to which the Sentencing Guidelines do not apply, U.S.S.G. 1B1.9. The sentencing factors set forth in 18 U.S.C. § 3553(a), including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C.A. § 3553(6), do apply, however.

For one thing, although all the other defendants discussed below participated in the Capitol breach on January 6, 2021, many salient differences explain the differing recommendations and sentences. Avoiding unwarranted disparities requires the courts to consider not only a defendant's

---

[6] Early in this investigation, the Government made a very limited number of plea offers in misdemeanor cases that included an agreement to recommend probation, including in *United States v. Anna Morgan-Lloyd*, 1:21-cr-00164(RCL); *United States v. Valerie Elaine Ehrke*, 1:21-cr-00097(PFF); and *United States v. Donna Sue Bissey*, 1:21-cr-00165(TSC). The government is abiding by its agreements in those cases, but has made no such agreement in this case. *Cf. United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183 (9th Cir. 2015) (no unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) between defendants who plead guilty under a "fast-track" program and those who do not given the "benefits gained by the government when defendants plead guilty early in criminal proceedings") (citation omitted).

"records" and "conduct" but other relevant sentencing criteria, such as a defendant's expression of remorse or cooperation with law enforcement. *See United States v. Hemphill*, 514 F.3d 1350, 1365 (D.C. Cir. 2008) (no unwarranted disparity regarding lower sentence of codefendant who, unlike defendant, pleaded guilty and cooperated with the government).

In cases for which the Sentencing Guidelines apply, "[t]he best way to curtail 'unwarranted' disparities is to follow the Guidelines, which are designed to treat similar offenses and offenders similarly." *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009). *See id*. ("A sentence within a Guideline range 'necessarily' complies with § 3553(a)(6).""). Because the Sentencing Guidelines do not apply here, the sentencing court cannot readily conduct a disparity analysis against a nationwide sample of cases captured by the Sentencing Guidelines.

Even in Guidelines cases, sentencing courts are permitted to consider sentences imposed on co-defendants in assessing disparity. *E.g., United States v. Knight*, 824 F.3d 1105, 1111 (D.C. Cir. 2016); *United States v. Mejia*, 597 F.3d 1329, 1343-44 (D.C. Cir. 2010); *United States v. Bras*, 483 F.3d 103, 114 (D.C. Cir. 2007). The Capitol breach was *sui generis*: a mass crime with significant distinguishing features, including the historic assault on the seat of legislative branch of federal government, the vast size of the mob, the goal of impeding if not preventing the peaceful transfer of Presidential power, the use of violence by a substantial number of rioters against police officers, and large number of victims. Thus, even though many of defendants were not charged as conspirators or as codefendants, the sentences handed down for Capitol breach offenses is an appropriate group for purposes of measuring disparity of any future sentence.

The Court may also consider sentences of Capitol breach defendants who spent time in sensitive places within the Capitol. A defendant's entry into a sensitive space, such as a member's office, places that defendant in a more serious category of offenders than defendants who remained

in hallways or central, more public spaces, such as the Rotunda.  In doing so, he took an extra step to occupy the Capitol and displace Congress and to display the dominance of the mob over the will of the people.

To that end, while no previously sentenced case contains the same balance of aggravating and mitigating factors present here, *United States v. Oliver Sarko*, 21-cr-00591 (CKK) provides a suitable comparison to the relevant sentencing considerations in this case.  Sarko pleaded guilty to a single count of violating 40 U.S.C. § 5104(e)(2)(G).  While Sarko had adult criminal convictions, other facts of his case resemble Thurlow's.  Sarko posted videos of himself chanting and he entered the Senate Spouse's Lounge and Senator Merkley's private "hideaway" office—areas near the Senate Lobby where Thurlow laid down on a conference table, recorded a video, took photos for his Facebook account, and exclaimed "this is what you get for fucking around."  The government recommended a split sentence of 30 days' incarceration and 36 months of probation, which is what Judge Kollar-Kotelly imposed.

The government has similarly recommended jail time in other cases involving entry into sensitive spaces, even for defendants with less aggravating factors than Thurlow.  In *United States v. McAuliffe*, the government recommended 14 days incarceration for a defendant who entered Senator Merkley's private office, sat on a chair, and posted pictures with boastful comments on social media.  Govt. Sentencing Mem., *McAuliffe*, 21-cr-608 (RCL), ECF No. 37.  Similarly, in *United States v. Torre*, the government recommended 14 days incarceration for a defendant who entered the Senate Spouse's Lounge and Senator Merkley's office.  Govt. Sentencing Mem., *Torre*, 21-cr-143 (RC), ECF No. 38.  In contrast to *McAuliffe* and *Torre*, but like *Sarko*, Thurlow chanted and shouted throughout his time at the Capitol.

Moreover, Thurlow's case has several additional aggravating factors, and he should be sentenced accordingly.  First, Thurlow's chanting and social media postings from January 6 are particularly chilling because of the photo he posted wearing body armor with a rifle and "Boogaloo" patch.  The use of body armor has been an aggravating factor in other cases.  *See, e.g.* Govt. Sentencing Mem., *United States v. Jeramiah Caplinger*, 21-cr-342 (PLF), ECF No. 46 at 25 (describing how defendant Caplinger wore body armor as preparation).  Although Thurlow did not wear the military gear when at the Capitol, the earlier postings and his postings during the riot nonetheless advocated for property damage, violence, and refusal to follow law enforcement orders.  Like Caplinger, Thurlow has a large number of aggravating factors, in addition to his posting on social media during the riot and entry into a sensitive area.

The number of aggravating factors is also comparable to *United States v. Peart*, 21-cr-662. In *Peart*, the government recommended a sentence of 30 days incarceration because of a combination of factors, including that Peart urinated on a wall near the south west Capitol Reflecting Pool, he entered the Capitol despite numerous signs of lawless conduct and chaos, he chanted inside the Capitol, he refused to leave the Capitol when ordered, but he also expressed remorse.  Govt. Sentencing Mem., *United States v. Peart*, 21-cr-662 (PLF), ECF No. 34.  In the instant case, there are even more aggravating factors, and the factors are in many respects more egregious.  Peart traveled to the Rotunda and other public areas of the Capitol, but Thurlow entered a very sensitive area of the Capitol just outside the Senate Chamber.  Thurlow also broadcast his conduct by posting bragging messages on his Facebook account.  His conduct also continued after January 6 when he commented more than a month later about what appears to be plans for another event in Washington on July 4, 2021, and Thurlow removed his Facebook posts and altered his account to use an alias.

In any event, the goal of minimizing unwarranted sentencing disparities in § 3553(a)(6) is "only one of several factors that must be weighted and balanced," and the degree of weight is "firmly committed to the discretion of the sentencing judge." *United States v. Coppola*, 671 F.3d 220, 254 (2d Cir. 2012). The § 3553(a) factors that this Court assesses are "open-ended," with the result that "different district courts may have distinct sentencing philosophies and may emphasize and weigh the individual § 3553(a) factors differently; and every sentencing decision involves its own set of facts and circumstances regarding the offense and the offender." *United States v. Gardellini*, 545 F.3d 1089, 1093 (D.C. Cir. 2008). "[D]ifferent district courts can and will sentence differently—differently from the Sentencing Guidelines range, differently from the sentence an appellate court might have imposed, and differently from how other district courts might have sentenced that defendant." *Id.* at 1095.

## V.   The Court's Lawful Authority to Impose a Split Sentence

The sentence requested by the government—thirty days of incarceration followed by 36 months of probation—is a lawful one.  A sentencing court may impose a "split sentence"—"a period of incarceration followed by period of probation," *Foster v. Wainwright*, 820 F. Supp. 2d 36, 37 n.2 (D.D.C. 2011) (citation omitted)—for a defendant convicted of a federal petty offense. *See* 18 U.S.C. § 3561(a)(3); *see United States v. Little*, 21-cr-315 (RCL), 2022 WL 768685, at *1 (D.D.C. Mar. 14, 2022) (concluding that " a split sentence is permissible under law and warranted by the circumstances of this case); *United States v. Sarko*, No. 21CR591 (CKK), 2022 WL 1288435, at *1 (D.D.C. Apr. 29, 2022) (explaining why a split sentence is permissible in a petty offense case); *United States v. Caplinger*, No. CR 21-0342 (PLF), 2022 WL 2045373, at *1 (D.D.C. June 7, 2022) ("the Court concludes that a split sentence is permissible for a petty offense and therefore is an option for the Court in Mr. Caplinger's case."); *United States v. Smith*, 21-cr-

290 (RBW), ECF 43 (D.D.C. Mar. 15, 2022) (imposing split sentence); *United States v. Meteer*, 21-cr-630 (CJN), ECF 37 (D.D.C. April 22, 2022) (imposing split sentence); *United States v. Entrekin*, 21-cr-686 (FYP), ECF 34 (D.D.C. May 6, 2022) (imposing split sentence); *United States v. Hemphill*, 21-cr-555 (RCL), ECF 42 (D.D.C. May 24, 2022) (imposing split sentence); *United States v. Buhler*, 21-cr-510 (CKK), ECF 39 (D.D.C. June 1, 2022) (imposing split sentence); *United States v. Revlett*, 21-cr-281 (JEB), ECF 46 (D.D.C. July 7, 2022) (imposing split sentence); *United States v. Getsinger*, 21-cr-607 (EGS), ECF 60 (D.D.C. July 12, 2022) (imposing split sentences); *United States v. Blakely*, 21-cr-00356 (EGS), ECF 38 (D.D.C. July 14, 2022); *United States v. Ticas*, 21-cr-00601 (JDB), ECF 40 (D.D.C. July 15, 2022); *United States v. Caplinger*, 21-cr-00342 (PLF), ECF 74 (D.D.C. August 1, 2022).[7] In addition, for any defendant placed on probation, a sentencing court may impose incarceration for a brief interval as a condition of probation under 18 U.S.C. § 3563(b)(10).

### a.  A sentence imposed for a petty offense may include both incarceration and probation.

#### i.  Relevant Background

In 1984, Congress enacted the Sentencing Reform Act, which in substantial part remains the sentencing regime that exists today.  *See* Pub. L. No. 98–473, §§211-212, 98 Stat 1837 (1984), *codified at* 18 U.S.C. § 3551 *et seq.*; *see Mistretta v. United States*, 488 U.S. 361, 365-66 (1989) (noting that the Sentencing Reform Act of 1984 wrought "sweeping changes" to federal criminal sentencing).  That legislation falls in Chapter 227 of Title 18, which covers "Sentences."  Chapter 227, in turn, consists of subchapter A ("General Provisions"), subchapter B ("Probation"),

---

[7] In *United States v. Lindsey*, 21-cr-162 (BAH), ECF 102, the defendant pleaded guilty to three counts: 18 U.S.C. § 1752(a)(1); 40 U.S.C. §§ 5104(e)(2)(D) and 5104(e)(2)(G). Chief Judge Howell sentenced Lindsey to five months incarceration on each of the § 5104 counts, to be served concurrently, and 36 months' probation on the § 1752(a)(1) count.

subchapter C ("Fines"), and subchapter D ("Imprisonment).    Two provisions—one from subchapter A and one from subchapter B—are relevant to the question of whether a sentencing court may impose a term of continuous incarceration that exceeds two weeks[8] followed by a term of probation.

First, in subchapter A, 18 U.S.C. § 3551 sets out "[a]uthorized sentences."  Section 3551(a) makes clear that a "defendant who has been found guilty of" any federal offense "shall be sentenced in accordance with the provisions of" Chapter 227 "[e]xcept as otherwise specifically provided."  18 U.S.C. § 3551(a).  Section 3551(b) provides that a federal defendant shall be sentenced to "(1) a term of probation as authorized by subchapter B; (2) a fine as authorized by subchapter C; or (3) a term of imprisonment as authorized by subchapter D." 18 U.S.C. § 3551(b).[9] As a general matter, therefore, "a judge must sentence a federal offender to either a fine, a term of probation, or a term of imprisonment."  *United States v. Kopp*, 922 F.3d 337, 340 (7th Cir. 2019).

Second, 18 U.S.C. § 3561, the first provision in subchapter B, addresses a "[s]entence of probation."  As initially enacted, Section 3561 provided that a federal defendant may be sentenced to a term of probation "unless . . . (1) the offense is a Class A or Class B felony and the defendant is an individual; (2) the offense is an offense for which probation has been expressly precluded; or (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense."  Pub. L. No. 98-473, at § 212; *see United States v. Anderson*, 787 F. Supp. 537, 539 (D. Md. 1992) (noting that the Sentencing Reform Act did not permit "a period of 'straight' imprisonment . . . at the same time as a sentence of probation").

---

[8] A period of incarceration that does not exceed two weeks followed by a term of probation is also permissible under 18 U.S.C. § 3653(b)(10).  *See* Part II *infra*.

[9] Section 3551(b) further provides that a sentencing judge may impose a fine "in addition to any other sentence."  18 U.S.C. § 3551(b).

Congress, however, subsequently amended Section 3561(a)(3).  In 1991, Congress considered adding the following sentence to the end of Section 3561(a)(3): "However, this paragraph does not preclude the imposition of a sentence to a term of probation for a petty offense if the defendant has been sentenced to a term of imprisonment at the same time for another such offense."  H.R. Rep. 102-405, at 167 (1991).  Instead, three years later Congress revised Section 3561(a)(3) by appending the phrase "that is not a petty offense" to the end of the then-existing language.  *See* H.R. Rep. No. 103-711, at 887 (1994) (Conference Report).  In its current form, therefore, Section 3561(a)(3) provides that a defendant "may be sentenced to a term of probation unless . . . the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."  18 U.S.C. § 3561(a)(3).

ii.  <u>Analysis</u>

Before Congress passed the Sentencing Reform Act of 1984, sentencing courts could impose a split sentence on a federal defendant in certain cases.  *See United States v. Cohen*, 617 F.2d 56, 59 (4th Cir. 1980) (noting that a sentencing statute enacted in 1958 had as its "primary purpose . . . to enable a judge to impose a short sentence, not exceeding sixth months, followed by probation on a one count indictment"); *see also United States v. Entrekin*, 675 F.2d 759, 760-61 (5th Cir. 1982) (affirming a split sentence of six months' incarceration followed by three years of probation).  In passing the Sentencing Reform Act, Congress sought generally to abolish the practice of splitting a sentence between imprisonment and probation because "the same result" could be accomplished through a "more direct and logically consistent route," namely the use of supervised release as set out in 18 U.S.C. §§ 3581 and 3583.  S. Rep. No. 225, 1983 WL 25404, at *89; *accord* United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 5B1.1,

Background.  But Congress's 1994 amendment to Section 3561(a)(3) reinstated a sentencing court's authority to impose a split sentence for a petty offense.

Under 18 U.S.C. § 3561, a defendant "may be sentenced to a term of probation unless . . . the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."  18 U.S.C. § 3561(a)(3).  Thus, for any federal offense *other than* a petty offense, Section 3561(a)(3) prohibits "imposition of both probation and straight imprisonment," consistent with the general rule in Section 3551(b).  *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999); *see United States v. Martin*, 363 F.3d 25, 31 (1st Cir. 2004); *United States v. Harris*, 611 F. App'x 480, 481 (9th Cir. 2015); *Anderson*, 787 F. Supp. at 539.

But the statutory text of 18 U.S.C. § 3561(a)(3) goes further by permitting a court to sentence a defendant to a term of probation "unless" that defendant "is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."  18 U.S.C. § 3561(a)(3).  Section 3561 "begins with a grant of authority"—permitting a court to impose probation—followed by a limitation in the words following "unless."  *Little*, 2022 WL 768685, at *4.  But that limitation "does not extend" to a defendant sentenced to a petty offense. *See id.* ("[W]hile a defendant's sentence of a term of imprisonment *may* affect a court's ability to impose probation, the petty-offense clause limits this exception.").

It follows that when a defendant *is* sentenced for a petty offense, that defendant may be sentenced to a period of continuous incarceration and a term of probation.  *See United States v. Posley*, 351 F. App'x 807, 809 (4th Cir. 2009) (per curiam).  In *Posley*, the defendant, convicted of a petty offense, was sentenced to two years of probation with the first six months in prison.  *Id.* at 808.  In affirming that sentence, the Fourth Circuit concluded that Section 3561(a)(3) "[u]nquestionably" provided statutory authority to sentence the petty-offense defendant to "a term

of six months of continuous imprisonment plus probation." *Id.* at 809; *see* Cyclopedia of Federal Procedure, § 50:203, *Capacity of court to impose probationary sentence on defendant in conjunction with other sentence that imposes term of imprisonment* (3d ed. 2021) ("[W]here the defendant is being sentenced for a petty offense, a trial court may properly sentence such individual to a term of continuous imprisonment for a period of time, as well as a sentence of probation.") (citing *Posley*); *see also* Wright and Miller, *Federal Practice and Procedure*, § 547, at n.13 (4th ed. 2021) ("A defendant may be sentenced to probation unless he . . . is sentenced at the same time to imprisonment for an offense *that is not petty*.") (emphasis added).

Nor does the phrase "that is not a petty offense" in Section 3561(a)(3) modify only "different offense." *See Little*, 2022 WL 768685, at *5-*6 (concluding that "same" in Section 3561(a)(3) functions as an adjective that modifies "offense"). Section 3561(a)(3) does not state "the same *offense* or a different offense that is not a petty offense," which would imply that the final modifier—*i.e.*, "that is not a petty offense"—applies only to "different offense." The phrase "that is not a petty offense" is a postpositive modifier best read to apply to the entire, integrated phrase "the same or a different offense." *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 148 (2012). Had Congress sought to apply the phrase "not a petty offense" solely to "different offense," the "typical way in which syntax would suggest no carryover modification" would be some language that "cut[s] off the modifying phrase so its backward reach is limited." *Id.* at 148-49. And while the indefinite article "a" might play that role in other contexts (*e.g.*, "either a pastry or cake with icing" vs. "either a pastry or a cake with icing"), the indefinite article in Section 3561(a)(3) merely reflects the fact that the definite article before "same" could not naturally apply to the undefined "different offense." *See Little*, 2022 WL

768685, at *6 (identifying other statutes and "legal contexts" with the identical phrase that carry the same interpretation).

Permitting a combined sentence of continuous incarceration and probation for petty offenses is sensible because sentencing courts cannot impose supervised release on petty-offense defendants. *See* 18 U.S.C. § 3583(b)(3); *United States v. Jourdain*, 26 F.3d 127, 1994 WL 209914, at *1 (8th Cir. 1994) (unpublished) (plain error to impose a term of supervised release for a petty offense). When Congress in 1994 amended the language in Section 3561(a), it again provided sentencing courts with "latitude," *see* S. Rep. 98-225, 1983 WL 25404, at *89, to ensure some degree of supervision—through probation—following incarceration.

Section 3551(b)'s general rule that a sentencing court may impose either imprisonment or probation (but not both) does not preclude a sentencing court from imposing a split sentence under Section 3561(a)(3) for a petty offense for two related reasons.

First, the more specific permission for split sentences in petty offense cases in Section 3561(a)(3) prevails over the general prohibition on split sentences in Section 3551(b). *See Morton v. Mancari*, 417 U.S. 535, 550-51 (1974) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one."). As noted above, when Congress enacted the general prohibition on split sentences in Section 3551(b), it had not yet enacted the more specific carveout for split sentences in petty offense cases in Section 3561(a)(3). That carveout does not "void" the general prohibition on split sentences in Section 3551(b); rather, Section 3551(b)'s general prohibition's "application to cases covered by the specific provision [in Section 3651(a)(3)] is suspended" as to petty offense cases. Scalia & Garner, *supra*, at 184. In other words, Section 3551(b)'s prohibition against split sentences "govern[s] all other cases" apart

from a case involving a petty offense.  *Id.*  This interpretation, moreover, "ensures that *all* of Congress's goals set forth in the text are implemented."  *Little*, 2022 WL 768685, at *8.

Second, to the extent Section 3551(b)'s general prohibition against split sentences conflicts with Section 3561(a)(3)'s permission for split sentences in petty offense cases, the latter, later-enacted provision controls.  *See Posadas v. Nat'l Bank of N.Y.*, 296 U.S. 497, 503 (1936) ("Where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one."); Scalia & Garner, *supra*, at 327-329.  Where a conflict exists "between a general provision and a specific one, whichever was enacted later might be thought to prevail."  *Id.* at 185.  "The "specific provision"—here Section 3561(a)(3)—"does not negate the general one entirely, but only in its application to the situation that the specific provision covers."  *Id.*  Section 3551(b)'s general prohibition does not operate against the more specific, later-enacted carveout for split sentences in Section 3561(a)(3).

An interpretation of Sections 3551(b) and 3561(a) that a sentencing court "must choose between probation and imprisonment when imposing a sentence for a petty offense," *United States v. Spencer*, No. 21-cr-147 (CKK), Doc. 70, at 5 (Jan. 19, 2022), fails to accord the phrase "that is not a petty offense" in Section 3561(a)(3) any meaning.  When Congress in 1994 amended Section 3561(a)(3) to include that phrase, it specifically permitted a sentencing court in a petty offense case to deviate from the otherwise applicable general prohibition on combining continuous incarceration and probation in a single sentence.  Ignoring that amended language would improperly fail to "give effect to every clause and word" of Section 3561(a)(3).  *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 385 (2013).

Congress's unenacted language from 1991 does not suggest that a split sentence is available only where a defendant is sentenced at the same time for two different petty offenses or for two

offenses, at least one of which is a petty offense.  For one thing, the Supreme Court has regularly rejected arguments based on unenacted legislation given the difficulty of determining whether a prior bill prompted objections because it went too far or not far enough.  *See Mead Corp. v. Tilley*, 490 U.S. 714, 723 (1989) ("We do not attach decisive significance to the unexplained disappearance of one word from an unenacted bill because 'mute intermediate legislative maneuvers' are not reliable indicators of congressional intent.") (citation omitted).  Moreover, under that view, every offense other than a petty offense could include some period of incarceration and some period of supervision (whether that supervision is supervised release or probation).  Yet so long as a defendant was convicted of two petty offenses, that defendant could be sentenced to incarceration and supervision (in the form of probation).  No sensible penal policy supports that interpretation.

It follows that a sentencing court may impose a combined sentence of incarceration and probation where, as here, the defendant is convicted of a petty offense.  Here, Thurlow pleaded guilty to one count of 40 U.S.C. § 5104(e)(2)(G): Parading, Demonstrating, or Picketing in the Capitol Building, which is a "petty offense" that carries a maximum penalty that does not exceed six months in prison and a $5,000 fine.  *See* 18 U.S.C. § 19; *see United States v. Soderna*, 82 F.3d 1370, 1381 n.2 (7th Cir. 1996) (Kanne, J., concurring) (citations omitted) (noting that a petty offender may face a sentence of up to five years in probation).

> **b.  *A sentence of probation may include incarceration as a condition of probation, though logistical and practical reasons may militate against such a sentence during an ongoing pandemic.***

> i.  Relevant background

In 18 U.S.C. § 3563, Congress set out "[c]onditions of probation."  18 U.S.C. § 3563. Among the discretionary conditions of probation a sentencing court may impose is a requirement

that a defendant

> remain in the custody of the Bureau of Prisons during nights, weekends or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release.

18 U.S.C. § 3563(b)(10). Congress enacted this provision to give sentencing courts "flexibility" to impose incarceration as a condition of probation in one of two ways. S. Rep. No. 225, 1983 WL 25404, at *98. First, a court can direct that a defendant be confined in "split intervals" over weekends or at night. *Id.* Second, a sentencing court can impose "a brief period of confinement" such as "for a week or two." *Id.*[10]

ii. <u>Analysis</u>

A sentencing court may impose one or more intervals of imprisonment up to a year (or the statutory maximum) as a condition of probation, so long as the imprisonment occurs during "nights, weekends or other intervals of time." 18 U.S.C. § 3653(b)(10). Although the statute does not define an "interval of time," limited case law suggests that it should amount to a "brief period" of no more than a "week or two" at a time. *United States v. Mize*, No. 97-40059, 1998 WL 160862, at *2 (D. Kan. Mar. 18, 1998) (quoting Section 3563(b)(10)'s legislative history described above and reversing magistrate's sentence that included 30-day period of confinement as a condition of probation); *accord United States v. Baca*, No. 11-1, 2011 WL 1045104, at *2 (C.D. Cal. Mar. 18, 2011) (concluding that two 45-day periods of continuous incarceration as a condition of probation was inconsistent with Section 3563(b)(10)); *see also Anderson*, 787 F. Supp. at 538 (continuous 60-day incarceration not appropriate as a condition of probation); *Forbes*, 172 F.3d at 676 ("[S]ix

---

[10] Section 3563(b)(10)'s legislative history notes that imprisonment as a term of probation was "not intended to carry forward the split sentence provided in Section 3561, by which the judge imposes a sentence of a few months in prison followed by probation." S. Rep. No. 225, 1983 WL 25404, at *98.

months is not the intermittent incarceration that this statute permits."). Accordingly, a sentence of up to two weeks' imprisonment served in one continuous term followed by a period of probation is permissible under Section 3563(b)(10).[11]

A sentencing court may also impose "intermittent" confinement as a condition of probation to be served in multiple intervals during a defendant's first year on probation. 18 U.S.C. § 3563(b)(10); *see Anderson*, 787 F. Supp. at 539. Notwithstanding a sentencing court's legal authority to impose intermittent confinement in this manner, the government has refrained from requesting such a sentence in Capitol breach cases given the potential practical and logistical concerns involved when an individual repeatedly enters and leaves a detention facility during an ongoing global pandemic. Those concerns would diminish if conditions improve or if a given facility is able to accommodate multiple entries and exits without unnecessary risk of exposure. In this case, the government does not request that imprisonment be imposed through "intermittent" confinement as a condition of probation.

## VI.    Conclusion

Sentencing requires the Court to carefully balance the § 3553(a) factors. Balancing these factors, the government recommends that this Court sentence Defendant to 30 days incarceration followed by three years of probation, 60 hours of community service, and $500 in restitution. Such a sentence protects the community, promotes respect for the law, and deters future crime by

---

[11] Section 3563(b)(10)'s use of the plural to refer to "nights, weekends, or intervals of time" does not imply that a defendant must serve multiple stints in prison. Just as "words importing the singular include and apply to several persons, parties, or things," "words importing the plural include the singular." 1 U.S.C. § 1; *see* Scalia & Garner, *supra*, at 129-31.

imposing restrictions on his liberty as a consequence of his behavior, while recognizing his

acceptance of responsibility for his crime.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    <u>s/ *Sarah W. Rocha*</u>
SARAH W. ROCHA
Trial Attorney
D.C. Bar No. 977497
219 S. Dearborn Street, Fifth Floor
Chicago, Illinois 60604
Telephone:  202-330-1735
sarah.wilsonrocha@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

On this 19th day of August 2022, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

/s/ *Sarah W. Rocha*
Sarah W. Rocha
Trial Attorney

Table 1: Cases in which the government recommended a probation sentence without home detention[1]

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence Imposed |
|---|---|---|---|---|
| Morgan-Lloyd, Anna | 1:21-CR-00164-RCL | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 36 months' probation<br>120 hours community service<br>$500 restitution |
| Ehrke, Valerie | 1:21-CR-00097-PLF | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 36 months' probation<br>120 hours community service<br>$500 restitution |
| Bissey, Donna | 1:21-CR-00165-TSC | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 14 days' incarceration<br>60 hours community service<br>$500 restitution |
| Hiles, Jacob | 1:21-CR-00155-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Wangler, Douglas | 1:21-CR-00365-DLF | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Harrison, Bruce | 1:21-CR-00365-DLF | 40 U.S.C. § 5104(e)(2)(G) | 48 months' probation<br>40 hours community service<br>$500 restitution | 24 months' probation<br>60 hours of community service<br>$500 restitution |

---

[1] Early in this investigation, the Government made a very limited number of plea offers in misdemeanor cases that included an agreement to recommend probation in *United States v. Anna Morgan-Lloyd*, 1:21-cr-00164(RCL); *United States v. Valerie Elaine Ehrke*, 1:21-cr-00097(PFF); *United States v. Donna Sue Bissey*, 1:21-cr-00165(TSC), *United States v. Douglas K. Wangler*, 1:21-cr-00365(DLF), and *United States v. Bruce J. Harrison*, 1:21-cr-00365(DLF). The government is abiding by its agreements in those cases, but has made no such agreement in this case. *Cf. United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183 (9th Cir. 2015) (no unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) between defendants who plead guilty under a "fast-track" program and those who do not given the "benefits gained by the government when defendants plead guilty early in criminal proceedings") (citation omitted).

Table 2: Cases in which the government recommended a probation sentence with home detention

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence Imposed |
|---|---|---|---|---|
| Bustle, Jessica | 1:21-CR-00238-TFH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>40 hours community service<br>$500 restitution | 2 months' home detention<br>24 months' probation<br>40 hours community service<br>$500 restitution |
| Bustle, Joshua | 1:21-CR-00238-TFH | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>40 hours community service<br>$500 restitution | 30 days' home detention<br>24 months' probation<br>40 hours community service<br>$500 restitution |
| Doyle, Danielle | 1:21-CR-00324-TNM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' probation<br>$3,000 fine<br>$500 restitution |
| Bennett, Andrew | 1:21-CR-00227-JEB | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' home detention<br>24 months' probation<br>80 hours community service<br>$500 restitution |
| Mazzocco, Matthew | 1:21-CR-00054-TSC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 45 days' incarceration<br>60 hours community service<br>$500 restitution |
| Rosa, Eliel | 1:21-CR-00068-TNM | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 12 months' probation<br>100 hours community service<br>$500 restitution |

| Gallagher, Thomas | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>Fine<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
|---|---|---|---|---|
| Vinson, Thomas | 1:21-CR-00355-RBW | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>3 years' probation<br>60 hours community service<br>$500 restitution | 5 years' probation<br>$5,000 fine<br>120 hours community service<br>$500 restitution |
| Dillon, Brittiany | 1:21-CR-00360-DLF | 40 U.S.C. § 5104(e)(2)(D) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>$500 restitution |
| Sanders, Jonathan | 1:21-CR-00384-CJN | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months' probation<br>60 hours community service<br>$500 restitution |
| Fitchett, Cindy | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Sweet, Douglas | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Cordon, Sean | 1:21-CR-00269-TNM | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' probation<br>$4000 fine<br>$500 restitution |

| Wilkerson, John IV | 1:21-CR-00302-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months' probation<br>$2500 fine<br>60 hours community service<br>$500 restitution |
|---|---|---|---|---|
| Jones, Caleb | 1:21-CR-00321-JEB | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>24 months' probation<br>100 hours community service<br>$500 restitution |
| Brown, Terry | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 45 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Wrigley, Andrew | 1:21-CR-00042-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 18 months' probation<br>$2000 fine<br>60 hours community service<br>$500 restitution |
| Parks, Jennifer | 1:21-CR-00363-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Reimler, Nicholas | 1:21-CR-00239-RDM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Miller, Brandon | 1:21-CR-00266-TSC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 20 days' incarceration<br>60 hours community service<br>$500 restitution |
| Miller, Stephanie | 1:21-CR-00266-TSC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 14 days' incarceration<br>60 hours community service<br>$500 restitution |
| Hatley, Andrew | 1:21-CR-00098-TFH | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months' probation<br>$500 restitution |

| Pert, Rachael | 1:21-CR-00139-TNM | 18 U.S.C. § 1752(a)(1) | 3 months' home detention<br>24 months' probation<br>40 hours community service<br>$500 restitution | 24 months' probation<br>100 hours community service<br>$500 restitution |
|---|---|---|---|---|
| Winn, Dana | 1:21-CR-00139-TNM | 18 U.S.C. § 1752(a)(1) | 3 months' home detention<br>24 months' probation<br>40 hours community service<br>$500 restitution | 10 days' incarceration (weekends)<br>12 months' probation<br>100 hours community service<br>$500 restitution |
| Wickersham, Gary | 1:21-CR-00606-RCL | 40 U.S.C. § 5104(e)(2)(G) | 4 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>$2000 fine<br>$500 restitution |
| Schwemmer, Esther | 1:21-CR-00364-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Kelly, Kenneth | 1:21-CR-00331-CKK | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>12 months' probation<br>$500 restitution |
| Straka, Brandon | 1:21-cr-00579-DLF | 40 U.S.C. § 5104(e)(2)(D) | 4 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>$5000 fine<br>60 hours community service<br>$500 restitution |
| Sizer, Julia | 1:21-CR-00621-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 12 months' probation<br>$2,000 fine<br>$500 restitution |
| Blauser, William | 1:21-CR-00386-TNM | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | $500 fine<br>$500 restitution |

| | | | | |
|---|---|---|---|---|
| Barnard, Richard | 1:21-CR-00235-RC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>12 months' probation<br>60 hours community service<br>$500 restitution |
| Witcher, Jeffrey | 1:21-CR-00235-RC | 18 U.S.C. § 1752(a)(1) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 12 months' probation<br>60 hours community service<br>$500 restitution |
| McAlanis, Edward | 1:21-CR-00516-DLF | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Lollis, James | 1:21-CR-00671-BAH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>100 hours community service<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>100 hours community service<br>$500 restitution |
| Schubert, Amy | 1:21-CR-00588-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 18 months' probation<br>$2000 fine<br>100 hours community service<br>$500 restitution |
| Schubert, John | 1:21-CR-00587-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 18 months' probation<br>$1500 fine<br>100 hours community service<br>$500 restitution |
| Orangias, Michael | 1:21-CR-00265-CKK | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>$500 restitution |
| Quick, Michael | 1:21-CR-00201-DLF | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>$500 restitution | 36 months' probation<br>$1000 fine<br>60 hours community service<br>$500 restitution |
| Quick, Stephen | 1:21-CR-00201-DLF | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>$500 restitution | 24 months' probation<br>$1000 fine<br>60 hours community service<br>$500 restitution |

| Reda, Kenneth | 1:21-CR-00452-TFH | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
|---|---|---|---|---|
| McCreary, Brian | 1:21-CR-00125-BAH | 18 U.S.C. § 1752(a)(1) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 42 days' intermittent incarceration (condition of probation)<br>2 months' home detention<br>36 months' probation<br>$2,500 fine<br>$500 restitution |
| Colbath, Paul | 1:21-CR-00650-RDM | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 day's home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Lewis, Jacob | 1:21-CR-00100-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>$3000 fine<br>60 hours community service<br>$500 restitution |
| Lentz, Nicholes | 1:22-CR-00053-RDM | 18 U.S.C. § 1752(a)(1) | 2 months' home detention<br>36 months' probation | 1 month home detention<br>36 months' probation<br>100 hours community service<br>$500 restitution |
| Daughtry, Michael | 1:21-CR00141-RDM | 18 U.S.C. § 1752(a)(1) | 4 month's home detention<br>36 months' probation<br>$500 restitution | 60 days' home detention<br>36 months' probation<br>$500 restitution |

Table 3: Cases in which the government recommended a sentence of incarceration

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence Imposed |
|---|---|---|---|---|
| Curzio, Michael | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 6 months' incarceration (time served) | 6 months' incarceration (time served)<br>$500 restitution |
| Hodgkins, Paul | 1:21-CR-00188-RDM | 18 U.S.C. § 1512(c)(2) | 18 months' incarceration | 8 months' incarceration<br>24 months' supervised release<br>$2000 restitution |

| Dresch, Karl | 1:21-CR-00071-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 6 months' incarceration (time served)<br>$1000 fine<br>$500 restitution | 6 months' incarceration (time served)<br>$500 restitution |
|---|---|---|---|---|
| Jancart, Derek | 1:21-CR-00148-JEB | 40 U.S.C. § 5104(e)(2)(D) | 4 months' incarceration<br>$500 restitution | 45 days' incarceration<br>$500 restitution |
| Rau, Erik | 1:21-CR-00467-JEB | 40 U.S.C. § 5104(e)(2)(D) | 4 months' incarceration<br>$500 restitution | 45 days' incarceration<br>$500 restitution |
| Hemenway, Edward | 1:21-CR-00049-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 45 days' incarceration<br>60 hours community service<br>$500 restitution |
| Reeder, Robert | 1:21-CR-00166-TFH | 40 U.S.C. § 5104(e)(2)(G) | 6 months' incarceration<br>$500 restitution | 3 months' incarceration<br>$500 restitution |
| Bauer, Robert | 1:21-CR-00049-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 45 days' incarceration<br>60 hours community service<br>$500 restitution |
| Smocks, Troy | 1:21-CR-00198-TSC | 18 U.S.C. § 875(c) | Low end of sentencing guidelines<br>36 months' supervised release | 14 months' incarceration<br>36 months' supervised release |
| Vinson, Lori | 1:21-CR-00355-RBW | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 60 months' probation<br>$5,000 fine<br>120 hours community service<br>$500 restitution |
| Griffith, Jack | 1:21-CR-00204-BAH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>$500 restitution |
| Torrens, Eric | 1:21-CR-00204-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>$500 restitution |
| Gruppo, Leonard | 1:21-CR-00391-BAH | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 3 months' home detention<br>24 months' probation<br>$3,000 fine<br>$500 restitution |
| Ryan, Jennifer | 1:21-CR-00050-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 2 months' incarceration<br>$1000 fine<br>$500 restitution |

| Croy, Glenn | 1:21-CR-00162-BAH | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 14 days' community correctional facility<br>3 months' home detention<br>36 months' probation<br>$500 restitution |
|---|---|---|---|---|
| Stotts, Jordan | 1:21-CR-00272-TJK | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 2 months' home detention<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| Fairlamb, Scott | 1:21-CR-00120-RCL | 18 U.S.C. § 1512(c)(2)<br>18 U.S.C. § 111(a)(1) | 44 months' incarceration<br>36 months' supervised release<br>$2000 fine | 41 months' incarceration<br>36 months' supervised release<br>$2000 fine |
| Camper, Boyd | 1:21-CR-00325-CKK | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 2 months' incarceration<br>60 hours community service<br>$500 restitution |
| Rukstales, Bradley | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Cordon, Kevin | 1:21-CR-00277-TNM | 18 U.S.C. § 1752(a)(1) | 30 days' incarceration<br>12 months' supervised release<br>$500 restitution | 12 months' probation<br>$4000 fine<br>100 hours community service<br>$500 restitution |
| Chansley, Jacob | 1:21-CR-00003-RCL | 18 U.S.C. § 1512(c)(2) | 51 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 41 months' incarceration<br>36 months' supervised release<br>$2000 restitution |
| Mish, David | 1:21-CR-00112-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Lolos, John | 1:21-CR-00243-APM | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 14 days' incarceration<br>$500 restitution |
| Scavo, Frank | 1:21-CR-00254-RCL | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 2 months' incarceration<br>$5000 fine<br>$500 restitution |
| Abual-Ragheb, Rasha | 1:21-CR-00043-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |

| Peterson, Russell | 1:21-CR-00309-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
|---|---|---|---|---|
| Simon, Mark | 1:21-CR-00067-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 35 days' incarceration<br>$500 restitution |
| Ericson, Andrew | 1:21-CR-00506-TNM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 20 days' incarceration (consecutive weekends)<br>24 months' probation<br>$500 restitution |
| Pham, Tam Dinh | 1:21-CR-00109-TJK | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 45 days' incarceration<br>$1000 fine<br>$500 restitution |
| Nelson, Brandon | 1:21-CR-00344-JDB | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 24 months' probation<br>$2500 fine<br>50 hours community service<br>$500 restitution |
| Markofski, Abram | 1:21-CR-00344-JDB | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 24 months' probation<br>$1000 fine<br>50 hours community service<br>$500 restitution |
| Marquez, Felipe | 1:21-CR-00136-RC | 18 U.S.C. § 1752(a)(2) | 4 months' incarceration<br>12 months' supervised release<br>$500 restitution | 3 month's home detention<br>18 months' probation<br>$500 restitution |
| Meredith, Cleveland | 1:21-CR-00159-ABJ | 18 U.S.C. § 875(c) | Midrange of 37-46 months' incarceration<br>36 months' supervised release | 28 months' incarceration<br>36 months' supervised release |
| Sorvisto, Jeremy | 1:21-CR-00320-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Mariotto, Anthony | 1:21-CR-00094-RBW | 40 U.S.C. § 5104(e)(2)(G) | 4 months' incarceration<br>36 months' probation<br>$500 restitution | 36 months' probation<br>$5000 fine<br>250 hours community service<br>$500 restitution |

10

| Courtright, Gracyn | 1:21-CR-00072-CRC | 18 U.S.C. § 1752(a)(1) | 6 months' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 30 days' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution |
|---|---|---|---|---|
| Palmer, Robert | 1:21-CR-00328-TSC | 18 U.S.C. § 111(a) and (b) | 63 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 63 months' incarceration<br>36 months' supervised release<br>$2000 restitution |
| Thompson, Devlyn | 1:21-CR-00461-RCL | 18 U.S.C. § 111(a) and (b) | 48 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 46 months' incarceration<br>36 months' supervised release<br>$2000 restitution |
| Edwards, Gary | 1:21-CR-00366-JEB | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>24 months' probation<br>$500 restitution | 12 months' probation<br>$2500 fine<br>200 hours of community service<br>$500 restitution |
| Tutrow, Israel | 1:21-CR-00310-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>$500 restitution |
| Ridge IV, Leonard | 1:21-CR-00406-JEB | 18 U.S.C. § 1752(a)(1) | 45 days' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 14 days' consecutive incarceration<br>12 months' supervised release<br>$1000 fine<br>100 hours community service<br>$500 restitution |
| Perretta, Nicholas | 1:21-CR-00539-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Vukich, Mitchell | 1:21-CR-00539-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Spencer, Virginia | 1:21-CR-00147-CKK | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>$500 restitution | 3 months' incarceration<br>$500 restitution |
| Kostolsky, Jackson | 1:21-CR-00197-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>$500 restitution |

| | | | | |
|---|---|---|---|---|
| Rusyn, Michael | 1:21-CR-00303-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 2 months' home detention<br>24 months' probation<br>$2000 fine<br>$500 restitution |
| Tryon, William | 1:21-CR-00420-RBW | 18 U.S.C. § 1752(a)(1) | 30 days' incarceration<br>12 months' supervised release<br>$500 restitution | 50 days' incarceration<br>12 months' supervised release<br>$1000 fine<br>$500 restitution |
| Sells, Tanner | 1:21-CR-00549-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' home detention<br>24 months' probation<br>$1500 fine<br>50 hours community service<br>$500 restitution |
| Walden, Jon | 1:21-CR-00548-DLF | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>60 hours community service<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Prado, Nicole | 1:21-CR-00403-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' 12-hour curfew<br>12 months' probation<br>$742 fine<br>60 hours community service<br>$500 restitution |
| Williams, Vic | 1:21-CR-00388-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>12 months' probation<br>$1500 fine<br>60 hours community service<br>$500 restitution |
| Wiedrich, Jacob | 1:21-CR-00581-TFH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>$500 restitution | 3 months' home detention<br>36 months' probation<br>100 hours community service<br>$500 restitution |
| Stepakoff, Michael | 1:21-CR-00096-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>12 months' probation<br>$742 fine<br>60 hours community service<br>$500 restitution |

| Scirica, Anthony | 1:21-CR-00457-CRC | 40 U.S.C. § 5104(e)(2)(G) | 15 days' incarceration<br>$500 restitution | 15 days' incarceration<br>$500 fine<br>$500 restitution |
|---|---|---|---|---|
| Crase, Dalton | 1:21-CR-00082-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 15 days' intermittent incarceration (condition of probation)<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Williams, Troy | 1:21-CR-00082-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 15 days' intermittent incarceration (condition of probation)<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Languerand, Nicholas | 1:21-CR-00353-JDB | 18 U.S.C. § 111 (a) and (b) | 51 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 44 months' incarceration<br>24 months' supervised release<br>60 hours community service<br>$2000 restitution |
| Wilson, Zachary | 1:21-CR-00578-APM | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 45 days' home detention<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| Wilson, Kelsey | 1:21-CR-00578-APM | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' home detention<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| McAuliffe, Justin | 1:21-CR-00608-RCL | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>$500 restitution |
| Williams, Andrew | 1:21-CR-00045-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>24 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Leffingwell, Mark | 1:21-CR-00005-ABJ | 18 U.S.C. § 111(a)(1) | 27 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 6 months' incarceration<br>24 months' supervised release<br>200 hours community service<br>$2,000 restitution |

13

| | | | | |
|---|---|---|---|---|
| Wagner, Joshua | 1:21-CR-00310-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Stenz, Brian | 1:21-CR-00456-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 14 days' incarceration as a condition of probation<br>2 months' home detention<br>36 months' probation<br>$2500 fine<br>$500 restitution |
| Schornak, Robert | 1:21-CR-00278-BAH | 18 U.S.C. § 1752(a)(1) | 4-6 months' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 28 days' intermittent incarceration (2 14-day intervals)<br>2 months' home detention<br>36 months' probation<br>$500 restitution |
| Castro, Mariposa | 1:21-CR-00299-RBW | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 45 days' incarceration<br>$5000 fine |
| Sunstrum, Traci | 1:21-CR-00652-CRC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' home detention<br>36 months' probation<br>$500 restitution |
| Register, Jeffrey | 1:21-CR-00349-TJK | 40 U.S.C. § 5104(e)(2)(G) | 5 months' incarceration<br>$500 restitution | 75 days' incarceration<br>$500 restitution |
| Johnson, Adam | 1:21-CR-00648-RBW | 18 U.S.C. § 1752(a)(1) | 90 days' incarceration<br>12 month's supervised release<br>$5000 fine | 75 days' incarceration<br>12 months' supervised release<br>$5000 fine<br>200 hours community service<br>$500 restitution |
| Howell, Annie | 1:21-CR-00217-TFH | 18 U.S.C. § 1752(a)(1) | 60 days' incarceration<br>12 month's supervised release<br>$500 restitution | 60 days' intermittent incarceration, to be served in 10-day installments, as a condition of probation<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Gonzalez, Eduardo | 1:21-CR-00115-CRC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>$500 restitution | 24 months' probation<br>$1000 fine<br>$500 restitution |

14

| Wilson, Duke | 1:21-CR-00345-RCL | 18 U.S.C. § 1512(c)(2)<br>18 U.S.C. § 111(a)(1) | 46 months' incarceration<br>$2000 + TBD restitution for injured officer | 51 months' incarceration<br>36 months' supervised release<br>TBD restitution |
|---|---|---|---|---|
| Strong, Kevin | 1:21-CR-00114-TJK | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' home detention<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| Bonet, James | 1:21-CR-00121-EGS | 18 U.S.C. § 1752(a)(1) | 45 days' incarceration<br>12 months' probation<br>$500 restitution | 3 months' incarceration<br>12 months' probation<br>200 hours community service<br>$500 restitution |
| Nalley, Verden | 1:21-CR-00016-DLF | 18 U.S.C. § 1752(a)(1) | 14 days' incarceration<br>12 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |
| Carico, Michael | 1:21-CR-00696-TJK | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 2 months' home detention<br>24 months' probation<br>$500 fine<br>60 hours community service<br>$500 restitution |
| Little, James | 1:21-CR-00315-RCL | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 60 days' incarceration<br>36 months' probation<br>$500 restitution |
| Loftus, Kevin | 1:21-CR-00081-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation | 36 months' probation<br>60 hours community service<br>$500 restitution |
| Smith, Jeffrey | 1:21-CR-00290-RBW | 40 U.S.C. § 5104(e)(2)(G) | 5 months' incarceration<br>$500 restitution | 90 days' incarceration<br>24 months' probation<br>200 hours community service<br>$500 restitution |
| Kelley, Kari | 1:21-CR-00201-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 36 months' probation<br>$500 restitution |

| Martin, Zachary | 1:21-CR-00201-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 36 months' probation<br>$1000 fine<br>60 hours community service<br>$500 restitution |
|---|---|---|---|---|
| Cudd, Jenny | 1:21-CR-00068-TNM | 18 U.S.C. § 1752(a)(1) | 75 days' incarceration<br>12 months' supervised release<br>$500 restitution | 2 months' probation<br>$5000 fine<br>$500 restitution |
| Jackson, Micajah | 1:21-CR-00484-RDM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>36 months' supervised release<br>$500 restitution | 36 months' probation with 90 days in residential half-way house<br>$1,000 fine<br>$500 restitution |
| Petrosh, Robert | 1:21-CR-00347-TNM | 18 U.S.C. § 641 | 4 months' incarceration<br>12 months' supervised release<br>60 hours community service<br>$938 restitution | 10 days' incarceration<br>12 months' supervised release<br>$1,000 fine<br>$938 restitution |
| Ivey, Bryan | 1:21-CR-00267-CRC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 60 days' home detention<br>36 months' probation<br>$500 restitution<br>60 hours community service |
| Burress, Gabriel | 1:21-CR-00744-TJK | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 45 days' home confinement<br>18 months' probation<br>$500 restitution<br>60 hours community service |
| Pettit, Madison | 1:21-CR-00744-TJK | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 45 days' home confinement<br>18 months' probation<br>$500 restitution<br>60 hours community service |
| Coffman, Lonnie | 1:21-CR-00004-CKK | 26 U.S.C. § 5861(d)<br>22 D.C. Code § 4504(a) | Middle of SGR<br>36 months' probation | 46 months' incarceration<br>36 months' supervised release |
| Fee, Thomas | 1:21-CR-00133-JDB | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 24 months' probation<br>$500 fine<br>$500 restitution<br>50 hours community service |

16

| Herendeen, Daniel | 1:21-CR-00278-BAH | 18 U.S.C. § 1752(a)(1) | 28 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 14 days' incarceration<br>2 months' home detention<br>36 months' probation<br>$500 restitution |
|---|---|---|---|---|
| Zlab, Joseph | 1:21-CR-00389-RBW | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 36 months' probation<br>$500 fine<br>$500 restitution<br>200 hours community service |
| Riddle, Jason | 1:21-CR-00304-DLF | 18 U.S.C. § 641<br>40 U.S.C. § 5104(e)(2)(G) | 90 days' incarceration<br>12 months' supervised release<br>$754 restitution | 90 days incarceration for the § 641 offense<br>36 months' probation for the § 5104(e)(2)(G) offense<br>$754 restitution<br>60 days community service |
| Fox, Samuel | 1:21-CR-00435-BAH | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>$2,500 fine<br>$500 restitution |
| O'Brien, Kelly | 1:21-CR-00633-RCL | 18 U.S.C. § 1752(a)(1) | 5 months' incarceration<br>12 months' supervised release<br>$500 restitution | 90 days' incarceration<br>12 months' supervised release<br>$1,000 fine<br>$500 restitution |
| Hardin, Michael | 1:21-CR-00280-TJK | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 30 day's home confinement<br>18 months' probation<br>$500 restitution<br>60 hours community service |
| Hernandez, Emily | 1:21-CR-00747-JEB | 18 U.S.C. § 1752(a)(1) | 45 days' incarceration<br>12 months' supervised release<br>$500 restitution<br>60 hours community service | 30 days' incarceration<br>12 months' supervised release<br>$500 restitution<br>80 hours community service |
| Merry, William | 1:21-CR-00748-JEB | 18 U.S.C. § 641 | 4 months' incarceration<br>12 months' supervised release<br>$500 restitution<br>60 hours community service | 45 days' incarceration<br>9 months' supervised release<br>80 hours community service |
| Westover, Paul | 1:21-CR-00697-JEB | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>$500 restitution | 45 days' incarceration<br>$500 restitution |

| O'Malley, Timothy | 1:21-CR-00704-CRC | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>20 hours community service<br>$500 restitution |
|---|---|---|---|---|
| Reed, Blake | 1:21-CR-00204-BAH | 18 U.S.C. § 1752(a)(1) | 3 months' incarceration<br>12 months' supervised release<br>$500 restitution | 42 days' intermittent confinement<br>3 months' home detention<br>36 months' probation<br>$2500 fine<br>$500 restitution |
| Rebegila, Mark | 1:21-CR-00283-APM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>36 months' probation<br>$500 restitution | 30 days' home detention<br>24 months' probation<br>$2000 fine<br>60 hours community service<br>$500 restitution |
| Watrous, Richard | 1:21-CR-00627-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 14 days' intermittent confinement<br>2 months' home detention<br>36 months' probation<br>$2500 fine<br>$500 restitution |
| Meteer, Clifford | 1:21-CR-00630-CJN | 40 U.S.C. § 5104(e)(2)(G) | 75 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 60 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Conover, Thomas | 1:21-CR-00743-FYP | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' residential reentry center<br>36 months' probation<br>$2500 fine<br>60 hours community service<br>$500 restitution |
| Lavin, Jean | 1:21-CR-00596-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 10 days' intermittent confinement (5 weekends)<br>2 months' home detention<br>36 months' probation<br>$2500 fine<br>$500 restitution |

18

| Krzywicki, Carla | 1:21-CR-00596-BAH | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 36 months' probation<br>3 months' home detention<br>$500 restitution |
|---|---|---|---|---|
| Kulas, Christian | 1:21-CR-00397-TFH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 6 months' probation<br>2 months' home detention<br>$500 restitution |
| Kulas, Mark | 1:21-CR-00693-TFH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 6 months' probation<br>2 months' home detention<br>$500 restitution |
| Von Bernewitz, Eric | 1:21-CR-00307-CRC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 60 days home detention<br>24 months' probation<br>$1000 fine<br>$500 restitution |
| Von Bernewitz, Paul | 1:21-CR-00307-CRC | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' incarceration<br>$500 restitution |
| Ballesteros, Robert | 1:21-CR-00580-DLF | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>24 months' probation<br>60 hours community service<br>$500 restitution | 36 months' probation<br>40 hours community service<br>$500 restitution |
| Sarko, Oliver | 1:21-CR-00591-CKK | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' incarceration<br>36 months' probation<br>$500 restitution |
| Vuksanaj, Anthony | 1:21-CR-00620-BAH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 42 days' intermittent confinement (3, 14-day periods)<br>3 months' home detention<br>36 months' probation<br>$2000 fine<br>$500 restitution |
| Creek, Kevin | 1:21-CR-00645-DLF | 18 U.S.C. § 111(a)(1) | 27 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 27 months' incarceration<br>12 months' supervised release<br>$2000 restitution |

| Peart, Willard | 1:21-CR-00662-PLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>36 months' probation<br>240 hours community service<br>$500 fine<br>$500 restitution |
|---|---|---|---|---|
| Webler, Matthew | 1:21-CR-00741-DLF | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>$500 restitution | 45 days' incarceration<br>$500 restitution |
| Mostofsky, Aaron | 1:21-CR-00138-JEB | 18 U.S.C. § 641<br>18 U.S.C. § 231 (a)(3)<br>18 U.S.C. § 1752(a)(1) | 15 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 8 months' incarceration<br>12 months' supervised release on each count to run concurrently<br>200 hours community service<br>$2000 restitution |
| Entrekin, Nathan | 1:21-CR-00686-FYP | 40 U.S.C. § 5104(e)(2)(G) | 105 days incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 45 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution |
| Kidd, Nolan | 1:21-CR-00429-CRC | 40 U.S.C. § 5104(e)(2)(G) | 90 days incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 45 days' incarceration<br>$500 restitution |
| Baker, Stephen | 1:21-CR-00273-TFH | 40 U.S.C. § 5104(e)(2)(G) | 30 days incarceration<br>$500 restitution | 9 days' intermittent confinement<br>24 months' probation<br>$500 restitution |
| McDonald, Savannah | 1:21-CR-00429-CRC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 21 days' incarceration<br>$500 restitution |
| Honeycutt, Adam | 1:22-CR-00050-CJN | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' incarceration<br>$500 restitution |
| Spain, Jr., Edward | 1:21-CR-00651-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months' probation<br>60 hours community service<br>$500 restitution |

| | | | | |
|---|---|---|---|---|
| Kramer, Philip | 1:21-CR-00413-EGS | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' incarceration<br>$2500 fine<br>100 hours community service<br>$500 restitution |
| Ehmke, Hunter | 1:21-CR-00029-TSC | 18 U.S.C. § 1361 | 4 months' incarceration<br>36 months' supervised release<br>$2,181 restitution | 4 months' incarceration<br>36 months' supervised release<br>$2,181 restitution |
| Chapman, Robert | 1:21-CR-00676-RC | 40 U.S.C. § 5104(e)(2)(G) | 45 days incarceration<br>36 months' | 3 month's home detention<br>18 month's probation<br>$742 fine<br>60 hours community service<br>$500 restitution |
| Timbrook, Michael | 1:21-CR-00361-TNM | 40 U.S.C. § 5104(e)(2)(G) | 90 days' incarceration<br>36 months' probation | 14 days' intermittent incarceration to be served on 7 consecutive weekends, as a condition of<br>12 months' probation<br>$500 restitution |
| Miller, Matthew | 1:21-CR-00075-RDM | 18 U.S.C. § 1512(c)(2)<br>18 U.S.C. § 111(a)(1) | 51 months' incarceration<br>36 month's supervised release | 33 months' incarceration<br>24 months' probation<br>$2000 restitution<br>100 hours community service |
| Hemphill, Pamela | 1:21-CR-00555-RCL | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>36 month's probation | 2 months' incarceration<br>36 month's probation<br>$500 restitution |
| Rubenacker, Greg | 1:21-CR-00193-BAH | 18 U.S.C. § 231(a)(3)<br>18 U.S.C. § 1512(c)(2)<br>18 U.S.C. § 111(a)<br>18 U.S.C. § 1752(a)(1)<br>18 U.S.C. § 1752(a)(2)<br>18 U.S.C. § 1752(a)(4)<br>40 U.S.C. § 5104(e)(2)(D)<br>40 U.S.C. § 5104(e)(2)(E)<br>40 U.S.C. § 5104(e)(2)(F)<br>40 U.S.C. § 5104(e)(2)(G) | 46 months' incarceration<br>36 months' supervised release | 41 months' incarceration<br>36 months' supervised release<br>$2000 restitution |

| Johnson, Daniel | 1:21-CR-00407-DLF | 18 U.S.C. § 231(a)(3) | 6 months' incarceration<br>12 months' supervised release | 4 months' incarceration<br>12 months' supervised release<br>$2000 restitution |
| Johnson, Daryl | 1:21-CR-00407-DLF | 18 U.S.C. § 231(a)(3) | 90 days' incarceration<br>12 months' supervised release | 30 days' incarceration<br>12 months' supervised release<br>$2000 fine<br>$2000 restitution |
| Buhler, Janet | 1:21-CR-00510-CKK | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' supervised release | 30 days' incarceration<br>36 months' supervised release<br>$500 restitution |
| Tagaris, Jody | 1:21-CR-00368-JDB | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 24 months' probation<br>$2000 fine<br>$500 restitution<br>60 hours community service |
| Heinl, Jennifer | 1:21-CR-00370-EGS | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 14 days' incarceration<br>24 months' probation<br>$500 restitution |
| Sywak, William Jason | 1:21-CR-00494-RC | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' home detention<br>12 months' probation<br>60 hours community service<br>$500 restitution |
| Sywak, William Michael | 1:21-CR-00494-RC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 4 month's home detention<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| Laurens, Jonathan | 1:21-CR-00450-RC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 60 days' home detention<br>12 months' probation<br>$742 fine<br>$500 restitution<br>60 hours community service |
| Cooke, Nolan | 1:22-CR-00052-RCL | 18 U.S.C. § 231(a)(3) | 11 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 366 days' incarceration<br>36 months' supervised release<br>$2000 restitution |
| Barber, Eric | 1:21-cr-00228-CRC | 40 U.S.C. § 5104(e)(2)(G)<br>22 D.C. Code 3212 | 4 months' incarceration<br>36 months' probation<br>$552.95 restitution | 45 days incarceration<br>24 months' probation<br>$552.95 restitution |

22

| Gold, Simone | 1:21-CR-00085-CRC | 18 U.S.C. § 1752(a)(1) | 3 months' incarceration<br>12 month's supervised release<br>$500 restitution<br>60 hours community service | 60 days' incarceration<br>12 months' supervised release<br>$9,500 fine<br>$500 restitution |
| Griffin, Cuoy | 1:21-CR-00092-TNM | 18 U.S.C. § 1752(a)(1) | 60 days' incarceration<br>12 months' supervised release | 14 days' incarceration<br>12 months' supervised release |
| Stackhouse, Lawrence | 1:21-CR-00240-BAH | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>$500 restitution | 14 days intermittent incarceration as a condition of 36 months' probation<br>$500 restitution |
| Baranyi, Lawrence | 1:21-CR-00062-JEB | 18 U.S.C. 1752 (a)(1) | 4 months' incarceration<br>12 months' supervised release<br>$500 restitution | 90 days' incarceration<br>12 months' year supervised release<br>$500 restitution |
| Evans, Derrick | 1:21-CR-00337-RCL | 18 U.S.C. § 231(a)(3) | 3 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 3 months' incarceration<br>36 months' supervised release<br>$2000 restitution<br>$2000 fine |
| Lucard, Carson | 1:22-CR-00087-BAH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>$500 restitution | 21 days' intermittent confinement as a condition of 36 months' probation<br>60 days home detention<br>$500 restitution |
| Cunningham, Christopher | 1:21-CR-00603-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 3 months' home detention<br>12 months' probation<br>$1,113 fine<br>$500 restitution |
| Prezlin, Brandon | 1:21-CR-00694-TNM | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 10 months' probation<br>$2,500 fine<br>120 hours community service<br>$500 restitution |
| Weisbecker, Philip | 1:21-CR-00682-TFH | 40 U.S.C. § 5104(e)(2)(G) | 60 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days intermittent confinement as a condition of 24 months' probation<br>$2,000 fine<br>$500 restitution |
| Sidorski, Dennis | 1:21-CR-00048-ABJ | 18 U.S.C. 1752 (a)(2) | 12 months' incarceration<br>12 months' supervised release<br>$500 restitution | 100 days' incarceration<br>12 months' supervised release<br>50 hours community service<br>$500 restitution |

23

| Bromley, Phillip | 1:21-CR-00250-PLF | 18 U.S.C. 1752(a)(2) | 12 months' incarceration<br>12 months' supervised release<br>$500 restitution | 90 days' incarceration<br>12 months' supervised release<br>$4,000 fine<br>$2,000 restitution |
|---|---|---|---|---|
| Revlett, Jordan | 1:21-CR-00281-JEB | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 14 days' incarceration<br>12 months' probation<br>80 hours community service<br>$500 restitution |
| Snow, Robert | 1:22-CR-00030-TJK | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 12 months' probation<br>60 hours community service<br>$500 restitution |
| Torre, Benjamin | 1:21-CR-00143-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 12 months' probation<br>$1,113 fine<br>60 hours community service<br>$500 restitution |
| Grace, Jeremey | 1:21-CR-00492-JDM | 18 U.S.C. § 1752 (a)(1) | 60 days' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 21 days' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution |
| Getsinger, John | 1:21-CR-00607-EGS | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>$500 restitution | 60 days' incarceration<br>36 months' probation<br>100 hours community service<br>$500 restitution |
| Getsinger, Stacie | 1:21-CR-00607-EGS | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>$500 restitution | 60 days' incarceration<br>36 months' probation<br>100 hours community service<br>$500 restitution |
| Suarez, Marissa | 1:21-CR-00205-DLF | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 36 months' probation<br>60 hours community service<br>$2000 fine<br>$500 restitution |
| Todisco, Patricia | 1:21-CR-00205-DLF | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 36 months' probation<br>60 hours community service<br>$2000 fine<br>$500 restitution |

| Blair, David | 1:21-CR-00186-CRC | 18 U.S.C. § 231(a)(3) | 8 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 5 months' incarceration<br>18 months' supervised release<br>$2,000 restitution |
|---|---|---|---|---|
| Griswold, Andrew | 1:21-CR-00459-CRC | 18 U.S.C. § 231(a)(3) | 5 months' incarceration<br>36 months' supervised release<br>$2,000 restitution | 75 days' incarceration<br>24 months' supervised release<br>$2,000 restitution |
| Blakely, Kevin | 1:21-CR-00356-EGS | 40 U.S.C. § 5104(e)(2)(G) | 4 months' incarceration<br>36 months' probation<br>$500 restitution | 120 days' incarceration<br>18 months' probation<br>100 hours supervised release<br>$500 restitution |
| Persick, Kerry | 1:21-CR-00485-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 36 months' probation<br>90 days' supervised release<br>$5,000 fine<br>$500 restitution |
| Ticas, David | 1:21-CR-00601-JDB | 40 U.S.C. § 5104(e)(2)(G | 36 months' incarceration<br>36 months' probation<br>60 hours community serivce<br>$500 restitution | 14 days' incarceration<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| Lindsey, Terry | 1:21-CR-00162-BAH | 18 U.S.C. § 1752(a)(1)<br>40 U.S.C. § 5104(e)(2)(D)<br>40 U.S.C. § 5104(e)(2)(G) | 12 months' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 5 months' incarceration on the § 5104 counts to be served concurrently<br>36 months' probation on the § 1752 count<br>$500 restitution |
| Mattice, Cody | 1:21-CR-00657-BAH | 18 U.S.C. § 111(a)(1) | 44 months' incarceration<br>36 months' supervised release<br>$2,000 restitution | 44 months' incarceration<br>36 months' supervised release<br>$2,000 restitution |
| Mault, James | 1:21-CR-00657-BAH | 18 U.S.C. § 111(a)(1) | 44 months' incarceration<br>36 months' supervised release<br>$2,000 restitution | 44 months' incarceration<br>36 months' supervised release<br>$2,000 restitution |
| Bancroft, Dawn | 1:21-CR-00271-ESG | 40 U.S.C. § 5104(e)(2)(G) | 60 day's incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitition | 60 day's incarceration<br>36 months' probation<br>$500 restitution |

| Santos-Smith, Diana | 1:21-CR-00271-ESG | 40 U.S.C. § 5104(e)(2)(G) | 14 day's incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitition | 20 day's incarceration<br>36 months' probation<br>$500 restitution |
|---|---|---|---|---|
| Buckler, Matthew | 1:22-CR-00162-TNM | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 14 days' home detention<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| Romero, Moises | 1:21-CR-00677-TSC | 18 U.S.C. § 231(a)(3) | 11 months' incarceration<br>36 months' supervised release<br>$2000 restitution | One year and one day incarceration<br>12 months' supervised release<br>$2,000 restitution |
| Ponder, Mark | 1:21-CR-00259-TSC | 18 U.S.C. § 111(a)(1) and (b) | 60 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 63 months' incarceration<br>36 months' supervised release<br>$2000 restitution<br>Mental health treatment |
| Bishai, Elliot | 1:21-CR-00282-TSC | 18 U.S.C. § 1752(a)(1) | 30 days incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 14 days incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution |
| Reffitt, Guy | 1:21-CR-00032-DLF | 18 U.S.C. § 231(a)(2)<br>18 U.S.C. § 1512(c)(2)<br>18 U.S.C. § 1752(a)(1)<br>18 U.S.C. § 231(a)(3)<br>18 U.S.C. § 1512(a)(2)(C) | 180 months' incarceration<br>3 years supervised release<br>$2000 restitution | 87 months' incarceration<br>3 years supervised release<br>$2000 restitution |
| Caplinger, Jeremiah | 1:21-CR-00342-PLF | 40 U.S.C. § 5104(d) | 90 days incarceration<br>36 months' probation<br>$500 restitution | 35 days incarceration<br>24 months' probation<br>60 hours community service<br>$500 restitution |
| Cavanaugh, Andrew | 1:21-CR-00362-APM | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months' probation<br>60 hours community service<br>$500 restitution |

| Baggott, Matthew | 1:21-CR-00411-APM | 18 U.S.C. § 1752(a)(2) | middle of sentencing guidelines range<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 3 months' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution |
|---|---|---|---|---|
| Willden, Ricky | 1:21-CR-00423-RC | 18 U.S.C. § 111(a)(1) | 30 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 24 months' incarceration<br>36 months' release<br>$2000 restitution |
| Hyland, Jason | 1:21-CR-00050-CRC | 40 U.S.C. 5104(e)(2)(G) | 30 days incarceration<br>36 months' probation<br>$500 restitution | 7 days incarceration<br>$500 restitution<br>$4,000 fine |
| Ortiz, Christopher | 1:22-CR-00082-JMC | 40 U.S.C. 5104(e)(2)(G) | 5 months' incarceration<br>36 months' probation<br>$500 restitution | 12 months' probation<br>2 months' Home Detention<br>100 hours community service<br>$500 Restitution |
| Homer, Lisa | 1:22-CR-00238-TNM | 40 U.S.C. 5104(e)(2)(G) | 30 days incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months' probation<br>$5,000 fine<br>60 hours community service<br>$500 restitution |
| Betancur, Bryan | 1:21-CR-00051-TJK | 18 U.S.C. 1752(a)(1) | 6 months' incarceration<br>12 months' supervised release<br>$500 restitution | 4 months' incarceration<br>12 months' supervised release<br>$500 restitution |
| Larocca, Benjamin | 1:21-CR-00317-TSC | 18 U.S.C. 1752(a)(2) | 3 months' incarceration<br>12 months' supervised release<br>$500 restitution | 60 days incarceration<br>12 months' supervised release<br>$5,000 fine<br>60 hours community service<br>$500 restitution |
| Robertson, Thomas | 1:21-CR-00034-CRC | 18 USC 1512(c)(2) and 2<br>18 USC 231(a)(3) and 2<br>18 USC 1752(a)(1) and (b)(1)(A)<br>18 USC 1752(a)(2) and (b)(1)(A)<br>40 USC 5104(e)(2)(D) | 96 months' incarceration<br>3 years supervised release<br>$2,000 restitution<br>$100 special assessment for each count of conviction | 87 months' incarceration<br>36 months' supervised release<br>$2,000 restitution |

| Simon, Glen Mitchell | 1:21-CR-00346-BAH | 18 U.S.C. 1752(a)(2) | 10 months' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 8 months' incarceration<br>12 months' supervised release<br>$1,000 fine<br>$500 restitution |
|---|---|---|---|---|