UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                    CASE NO.: 21-cr-615 PLF

STEVEN D. THURLOW,

       Defendant.
_____/

**DEFENDANT'S OBJECTION REGARDING "SPLIT SENTENCE"**

I.

INTRODUCTION

The Government is requesting a "split sentence" of incarceration and probation. Understanding that this Court has ruled this permissible in *United States v. Caplinger*, 21-CR-00342, Defendant Steven Thurlow files this brief to preserve the argument that any split sentence violates the plain language of 18 U.S.C. § 3551(b). To the extent that there is any argument that both sentences are authorized by 18 U.S.C. § 3561(a)(3), this argument must be rejected under both the rule of lenity and the doctrine of Constitutional avoidance.

II.

ARGUMENT

<u>The Plain Language of 18 U.S.C. § 3551(b) Prohibits the Imposition of Imprisonment and Probation</u>

Title 18 Section 3551(b) reads as follows:

b) Individuals.—An individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to—

(1) a term of probation as authorized by subchapter B;

(2) a fine as authorized by subchapter C; or

(3) a term of imprisonment as authorized by subchapter D.

A sentence to pay a fine may be imposed in addition to any other sentence.

A sanction authorized by section 3554, 3555, or 3556 may be imposed in addition to the sentence required by this subsection.

18 U.S.C. § 3551(b)

2

The statute makes it clear that a court cannot impose two sentences for the same offense unless one of those sentences is a fine. The Government's argument that 18 US.C. § 3561(a)(3) allows for two sentences (imprisonment and probation) for the same offense is contrary to the plain language of § 3551(b). Section 3551(b) states that there are three possible sentence that can be imposed for federal offenses: probation, a fine, **or** imprisonment. The statute is written in the disjunctive and the sentences are meant to imposed in the alternative, except for the imposition of a fine, which the statute specifically declares maybe imposed in addition to probation or a fine. The Government does not dispute that this section requires the court to impose either imprisonment or probation.

The Government's sentencing memorandum argues that the clear language of § 3551(b) is superseded by 18 U.S.C. 3561(a). This is a misreading of that statute. Section 3561(a) reads as follows:

> (a) In General.—A defendant who has been found guilty of an offense may be sentenced to a term of probation unless—
>
> (1) the offense is a Class A or Class B felony and the defendant is an individual;
>
> (2) the offense is an offense for which probation has been expressly precluded; or
>
> (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense.

18 U.S.C. § 3561(a).

The statute, titled "Sentence of Probation," begins by restating that probation is an available sentence for individual defendants convicted of a federal crime. If it ended there,

all defendants would be eligible for possible sentence of probation. It does not. The statute continues with "unless." That "unless" serves to carve out convictions for which probation is not a possible sentence. These are: (1) class A and B felonies; (2) offenses for which probation is expressly precluded (*e.g.*, most drug trafficking offenses); and (3) offenses for which a sentence of imprisonment has already been imposed (this is a restatement of the general rule of 18 U.S.C. § 3551(b) that a court must choose between imprisonment and probation) and cases where another sentence of imprisonment is being imposed for a different offense that is not a petty offense.

Tittle 18 Section 3551(b) sets forth a general requirement that courts may impose probation or imprisonment. Title 18 Section 3561(a) carves out classes of offenses where probation cannot be imposed. It does not change the general requirement that a court must choose between imprisonment and probation.

The effect of Section 3561(a)(3) is to prevent a court from imposing a sentence of probation at the same time as a sentence of imprisonment unless imprisonment is being imposed on a different offense that his not a petty offense. This is important because violations of probation and revocations of supervised release have very different consequences. An offender whose probation is revoked is resentenced and faces his statutory maximum. 18 U.S.C. § 3565. An offender whose supervised release is revoked faces a much lower maximum sentence of incarceration for his violation.

For example, absent § 3561(a)(3)'s carve out an offender convicted of two class C felonies could be sentenced to up to 25 years in prison on the first felony. 18 U.S.C. § 3559

4

(a)(3). This could be followed by a consecutive term of probation on the second felony. If he violated that probation, he could face a second 25-year prison term. As currently written § 3561(a)(3) does not allow this. Rather than probation, the offender would be serving a term of supervised release and the sentence for any violation limited to 2 years. 18 U.S.C. § 3583(e)(3). Section 3561(a)(3) appears to be designed to protect defendants from excessive revocation sentences after serving significant prison terms. This protection is not necessary in cases that involve sentence of imprisonment related to separate petty offenses because the first prison sentence is necessarily limited to 6 months.

The petty offense exception of 18 U.S.C. § 3561(a)(3) gives sentencing courts flexibility when imposing sentences on multiple petty offenses or more serious offenses when the offender is also charged with a petty offense. It does not, however, allow a court to ignore 18 U.S.C. § 3551(b)'s plain language by imposing imprisonment and incarceration for the same offense. Accordingly, this Court should reject the Government's request to impose both a sentence of incarceration and probation.

   a. <u>Applying Cannons of Statutory Interpretation Does Not Support the Government's Reading</u>

The Government argues that 18 U.S.C. § 3561(a)(3) must authorize a sentence of imprisonment and probation for a single petty offense based on a parsed reading of the wording of the statute. The Government argues that in the language of the statute, which reads "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense," the phrase "that is not a petty offense"

5

applies to both the terms "same" **and** "different offense." It bases this argument on the fact that Congress failed to include language that "cut[s] off the modifying phrase so its backwards reach is limited." ECF No. 46, Government's Sentencing Memorandum, p. 45 (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 148 (2012), p148-149.) The Government suggest that Congress could have used language such as "the same *offense* or a different offense that is not a petty offense," if it intended "that is not a petty offense" to only modify different offense. *Id*. Leaving aside the question of whether this added word actual clarifies what the phrase in question modifies, other cannons of statutory interpretation support the conclusion that the phrase "that is not a petty offense" modifies only the term "different offense."

First, as noted by Scalia & Gardner, "*[w]ith postpositive modifiers, the insertion of a determiner before the second item tends to cut off the modifying phrase so that its backward reach is limited.*" Antonin Scalia & Brian Gardner, Reading Law: The Interpretation of Legal Texts 149 (2012) (emphasis added). In this case a determiner "a" is inserted before the term "different offense." This cuts off the postpositive modifier. The statute does note read "the same or different offense that is not a petty offense." If it did, it would be clear that "not a petty offense modified both "same" and "different offense."

Second, the reading of the statute that applies "not a petty offense" only to "different offense" is also supported by the rule of the last antecedent. That rule provides that a "limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it *immediately* follows." See Barnhardt v. Thomas, 540 U.S. 20, 26

6

(2003)(emphasis added). "The rule reflects the basic intuition that when a modifier appears at the end of a list, it is easier to apply that modifier only to the item directly before it." *Lockhart v. United States*, 577 U.S. 347, 351-52 (2016) (applying canon to statutory construction and limiting culpability under 18 U.S.C. § 2252(b)(2)).

In *Barnhardt*, the U.S. Supreme Court discussed its prior application of this rule of statutory construction in *Mandel Brothers, Inc.*, 359 U.S. 385 (1959). There a provision of the Fur Products Labeling Act defined "invoice" as "a written account, memorandum, list, or catalog . . . transported or delivered to a purchaser, consignee, factor, bailee, correspondent, or agent, or any other person who is engaged in dealing commercially in fur products or furs." *Barnhardt*, 540 U.S. at 26-27 (quoting Mandel Brothers, 359 U.S. at 386 (internal quotations omitted)). The Supreme Court followed the antecedent rule of statutory construction to limit "who is engaged in dealing commercially" only to the last item in the list.

b. The Rule of Lenity Requires Adopting the Defendant's Reading

Both the postpositive modifier cannon and the rule of last antecedent support a reading that applies "not a petty offense" only the term "different offense." The best the Government can argue is that the statute is ambiguous. Ambiguous statutes, including sentencing statutes, must be read in a manner most beneficial to the defendant. *Bifulco v. United States,* 447 U.S. 381, 387 (1980).

    c.  <u>The Doctrine of Constitutional Avoidance Requires Rejecting the Government's Reading</u>

The doctrine of Constitutional avoidance requires courts to read statutes in ways that avoid raising significant Constitutional questions. *Rust v. Sullivan*, 500 U.S. 173, 191 (1991). The Government's reading of 18 U.S.C. § 3561(a)(3) raises two significant Constitutional questions relating to defendants' right to jury trials in petty offenses.

First, the Supreme Court has stated that a jury trial is not necessary when a defendant is exposed to sentences of imprisonment that do not exceed six months or sentences of probation that do not exceed five years. *United States v. Nachtigal*, 507 U.S. 1 5 (1993). The Government's reading would allow both a six-month sentence of imprisonment and a five-year sentence of probation to be imposed for the same offense. This raises a significant question regarding whether a defendant would then be entitled to a jury trial for federal petty offenses.

Second, read in conjunction with other federal probation statutes, a defendant could be exposed to over six months incarceration if courts could impose both imprisonment and probation for the same offense. As a condition of probation, a court can order a defendant to serve up to the originally authorized term of incarceration in intermittent custody. 18 U.S.C. § 3563(b)(10). Under the Government's reading, a defendant could be sentenced to six months custody, followed by a probationary period that includes additional custody. This would render the statute unconstitutional because the aggregate sentence from the same violations would exceed six months. *Codispoti v. Pennsylvania*, 48 U.S. 506 (1974). While a limitation of the total aggregate sentence could be imposed to save the statute, this

8

Court should not legislate an alternate sentencing scheme when a Constitutionally acceptable alternative reading to the statute exists.

### III.
### CONCLUSION

The Government's reading of 18 U.S.C. 3561(a)(3) as authorizing a sentence of imprisonment and probation for petty offenses is contrary to the plain language of 18 U.S.C. § 3551(b) which precludes such sentences. While Congress could specifically carve petty offenses out of § 3551(b)'s normal sentencing scheme, they would need to have done so in clear unambiguous language. As the briefing in this and other cases illustrate, there is nothing clear or unambiguous about the Government's reading of § 3561(a)(3) and the Court must apply an interpretation that favors Mr. Thurlow.

                                      Respectfully Submitted,

                                      s/James R. Gerometta
                                      Assistant Federal Defender
                                      613 Abbott Street, Suite 500
                                      Detroit, MI 48226
                                      Phone: 313-967-5839
                                      E-mail: james_gerometta@fd.org
                                      P60260

Dated:  August 19, 2022

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CASE NO.: 21-cr-615 PLF

STEVEN D. THURLOW,

        Defendant.
_____/

## **CERTIFICATE OF SERVICE**

    I, hereby certify that on August 19, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                                **FEDERAL COMMUNITY DEFENDER**

                                                s/James R. Gerometta
                                                Assistant Federal Defender
                                                613 Abbott Street, Suite 500
                                                Detroit, MI 48226
                                                Phone: 313-967-5839
                                                E-mail: james_gerometta@fd.org
                                                P60260